# The Ohio and Mississippi Railway Company

*v.*

# Samuel D. Noe.

| 77 513 |
| 29a 482 |
| 77 513 |
| 55a 58 |
| 77 513 |
| 101a ¹399 |
| 77 513 |
| 114a ¹651 |

1. REPLEVIN—*when demand and refusal necessary.* The law is well settled that, where a party obtains the possession of property lawfully, an action of replevin can not be maintained to recover it until a demand has been made and the possession refused.

2. Where goods are shipped by rail, the railway company, having obtained possession lawfully, will have the right to hold them until the freight actually due is paid or tendered, and a demand is made. If too much freight is charged, the owner should tender the proper amount before bringing replevin. The tender is too late after the suit is commenced.

33—77TH ILL.

APPEAL from the Circuit Court of Richland county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. H. P. BUXTON, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of replevin, brought by appellee, in the circuit court of Richland county, against appellant, to recover two buggies.

A trial of the cause resulted in a verdict and judgment in favor of appellee.

Several errors have been urged by appellant, to secure a reversal of the judgment; but it will not be necessary to consider all of them, as the determination of one question will be decisive of the case.

The buggies in controversy were shipped by appellee, on appellant's road, from Cincinnati, Ohio, to Olney, in this State. The freight charged by appellant amounted to the sum of $19.65. This, appellee declined to pay, and replevied the property.

The evidence incorporated in the record does not show that appellee demanded the property or offered to pay the freight before he instituted this action.

We understand the law to be well settled that, where a party obtains the possession of property lawfully, an action of replevin can not be maintained to recover it until a demand has been made and the possession refused. *Ingalls* v. *Bulkley*, 13 Ill. 315; *Clark* v. *Lewis*, 35 Ill. 417.

The appellant obtained the possession of the property in controversy lawfully. It had the right to hold it until the amount of freight actually due was paid or tendered, and a demand made for the property.

Had appellee desired to contest the amount charged as freight, he should have tendered the amount appellant was entitled to receive, and demanded the property, and then instituted his action.

This, however, he failed to do. An offer of payment at the time the writ was served upon appellant, was too late.

As appellee failed to establish a state of facts sufficient to authorize a recovery, the judgment will be reversed and the cause remanded.

*Judgment reversed.*