## URBAN B. HARRIS
### v.
## MARTHA M. McCASLAND.

*Replevin—Demand—Gift by Parent to Minor Child—Instructions—Evidence.*

1. Property in lawful possession can not be replevied in the absence of a demand and refusal.

2. In an action of replevin brought to gain possession of a piano purchased by a father for his minor daughter, to comply with an agreement with his wife to do so upon her joining with him in the conveyance of real estate, the father, after said child became of age, having given a bill of sale thereof to the plaintiff, evidence of such agreement is admissible.

3. In the case presented, this court declines to interfere with the verdict for the defendant, although in form it is defective.

4. The appellant can not complain of a modification of an instruction which, as given, is too favorable to him.

[Opinion filed October 19, 1888.]

APPEAL from the Circuit Court of Bond County; the Hon. B. H. CANBY, Judge, presiding

Mr. W. A. NORTHCOTT, for appellant.

There are more ways than one of proving the detention of property. A demand and refusal is one way; but any circumstances which go to satisfy the jury that a demand would have been unavailing, would be sufficient. Cranz v. Kroger, 22 Ill. 74; Johnson v. Howe, 2 Gilm. 342.

The verdict of not guilty being responsive to the issue of *non cepit* and *non detinet*, both admitting property in the plaintiff in error, it was erroneous for the court to award a writ of *retorno habendo*. Vose v. Hart, 12 Ill. 378; Hanford v. Obrecht, 38 Ill. 320.

A parent may give an article of personal property to his infant child, and resume and sell the gift without the consent of the child. Cranz v. Kroger, 22 Ill. 74.

Harris v. McCasland.

Mr. SOLON A. ENLOE, for appellee.

PHILLIPS, J. This is an action of replevin commenced before a justice of the peace by appellant against appellee, to recover the possession of one piano. Trial and judgment and appeal to Circuit Court of Bond county. In that court a trial by jury and judgment and order for writ *habendo retorno*.

The evidence shows that John McCasland owned a certain farm, and desiring to sell and convey the same, sought to have a release of dower by his wife, the appellee. She promised to sign the deed if her husband would buy a house and lot in Greenville and have same conveyed to her, and would also buy her daughter Cora a piano. This the husband and father promised to do. The farm was sold, deed executed in 1881, and shortly thereafter the father bought for Cora this piano.

It was in the house occupied by John McCasland with his family, and was claimed by Cora, to whom the father stated he gave the same; she exercised exclusive acts of ownership over it, locking it up to keep it from being used by other members of the family, and thus continued to do until she became of age, on the 9th of February, A. D. 1887. John M. McCasland became indebted to the plaintiff in the sum of $292.69 by reason of plaintiff having paid a sum as security for him, and McCasland executed his note to appellant for that sum and subsequently proposed to let appellant have this piano on that indebtedness.

Appellant wrote McCasland in reference to this proposition and that letter was answered by Cora McCasland, who informed him the piano was her property and he could not have it. On the 24th of February, and after appellant had received that letter from Cora McCasland, John M. McCasland made a bill of sale to appellant of this piano, but requested appellant not to take the piano until he was absent, as he wanted to avoid any difficulty with his family.

At that time McCasland was insolvent and in poor health, and left the State, leaving his family in their home.

Appellant sued out this writ of replevin without making any demand for the property, making Martha McCasland, the mother of Cora McCasland, party defendant. She claimed the piano was her daughter's, and if not the daughter's, was hers, as it was the consideration of her release of dower in the farm sold.

The appellant assigns as error the giving of instructions for defendant which are based on the theory—first, of the necessity for a demand and refusal to deliver before replevin could be maintained in this case; and secondly, that if the father, in consideration of the execution of a deed releasing her right of dower by the wife, promised her he would buy a piano for the daughter Cora, and if the deed was executed in consideration of that promise, and the piano bought and delivered for that consideration, then the father could not revoke the gift and resume and sell the property and deprive the daughter of the same. Here the appellant had notice of the claim of property in Cora McCasland, as he testifies; she was residing with her father and mother, the piano was in the house, the possession of Cora was not other or different from what it had been from the time of the purchase of the piano. At the time of suing out the writ of replevin the father was absent from the State. So far as the possession of the daughter Cora was concerned, that possession was rightful, and its being allowed to remain in the house was lawful, and the mother was not guilty of a wrongful act in so allowing it to remain. Then, so far as the mother and daughter were concerned, the possession was lawful, and replevin could not be maintained to recover the piano until a demand had been made and possession refused. O. & M. Ry. Co. v. Noe, 77 Ill. 513; Clark v. Lewis, 35 Ill. 417.

The instructions for the defendant as to the necessity for a demand, and the instructions with reference to the contract between the father and mother as to the consideration for the purchase and delivery of the piano to the daughter, were, with reference to the facts before the jury, properly given.

The error assigned for modification of plaintiff's second instruction is not well taken; as given, the instruction was:

Harris v. McCasland.

"The court instructs the jury that the omission to make the demand when necessary, does not prevent the plaintiff from recovering the property if he shows title in himself, and the right of immediate possession at the time of commencement of suit."

This instruction ought to have been refused, and was equally objectionable without the modification. So given it was much more favorable to appellant than he was entitled to have given, and it is an error of which he can not be heard to complain.

The further error assigned is, that the court erred in instructing the jury as to the form of the verdict and in entering judgment on the verdict and awarding writ *retorno habendo*.

The verdict of the jury was, " We, the jury, find the defendant not guilty," as returned into court; but it further appears from the record, that on the announcement of the verdict, and before the jury were discharged, at the request of plaintiff, the court asked the jury if they found their verdict upon a want of demand, or upon the right of property; and the jury answered, " upon the right of property." The instructions as to the form of the verdict were not correct, and the verdict was informal. Yet with reference to this verdict and judgment, the opinion of the Supreme Court in Jarrard v. Harper, 42 Ill. 457, is applicable. " The evidence sustains the verdict; we can not reverse the judgment. The form of the verdict is not precisely right, but the proceedings were *ore tenus* and the finding was equivalent to a finding of property in the plaintiff." In this case the form of verdict was not precisely right. As announced by the jury it was a finding of property in the defendant; as entered by the court it was as not guilty. But the proceeding was *ore tenus*, and the verdict was equivalent to finding property in defendant, and such finding would authorize a judgment and writ *retorno habendo*.

The judgment is affirmed.

*Judgment affirmed.*