## Cosmos Keller v. Robinson & Company.

1. CHATTEL MORTGAGE—*Securing a Debt Which Does Not Wholly Mature Within Two Years, Valid.*—Under Section 4, Chapter 95, R. S. (Hurd's Statute 1891, 965), as amended by the act approved June 17, 1891, a chattel mortgage given to secure a debt, which does not wholly mature within two years, will be good until the extension thereof, by filing for record, within thirty days next preceding the expiration of such two years, the affidavit required by such act, and by the recording of such affidavit the mortgage lien originally acquired will be continued and extended for a further term, not exceeding two years from the filing of such affidavit.

2. SAME—*Former Decisions.*—The case of Silvis v. Aultman, 141 Ill. 632, was decided under a former statute.

3. DEMAND—*In Replevin—Waiver.*—A demand before the commencement of a suit in replevin, may be waived.

**Memorandum.**—Replevin. In the Circuit Court of Jersey County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Trial by the court, finding and judgment for plaintiff; appeal by defendants. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

THOS. F. FERNS, attorney for appellant.

H. W. POGUE and O. B. HAMILTON, attorneys for appellee.

Mr. Justice Pleasants delivered the opinion of the Court.

On September 4, 1893, appellee, an Indiana corporation, claiming under a chattel mortgage, replevied a traction engine from appellant, the sheriff, who had levied upon and taken it by virtue of two executions against the mortgagor. The declaration was in two counts, the *cepit* and the *detinet*. Defendant pleaded, besides the general issues, property in the mortgagor and justification under the executions; on all of which issues were made and the cause heard by the court without a jury, upon the pleadings, and a written stipulation as to the facts. On all the issues the court found for the plaintiff, denied a motion for a new trial and entered judgment upon the finding.

From the stipulation it appears that the mortgage was dated July 20, 1892, signed and acknowledged on the following day and filed for record August 8th of the same year. It was given to secure three notes of Joshua J. Sweeney, of the same date—one for $390, due October 1, 1892, one for $390, due October 1, 1893, and one for $385, due October 1, 1894. The executions were admitted to be in proper form, and duly issued upon judgments in all respects valid, and remaining unpaid on the 26th of August, 1893, when they came into defendant's hands and were levied.

At that time the mortgagor was in possession of the engine, using it as before and ever since the execution of the mortgage. That instrument expressly authorized such possession "until the day of payment aforesaid," and provided further, that "if default in payment as aforesaid by said party of the first part shall be made, or if the said party of the second part shall at any time, before said notes become due, feel itself unsafe or insecure, that then the said party of the second part, its attorney, agent, assignee, executors or administrators, shall have the right to take possession of said goods and chattels wherever they may or can be found and sell the same at public or private sale for cash, or on credit, as said Robinson & Co. shall elect, after giving ten days notice," etc.

The first of these notes was fully paid at maturity, and when the executions were levied neither of the others was due. Nor had the mortgagee taken, or attempted, by demand or otherwise, to take possession under the insecurity provision. The right to take it, arising, not upon any overt act or probable default of the debtor, but solely on a "feeling" of the creditor, could have no existence as against subsequent judgment creditors, or the sheriff holding the property under their executions, until it was exercised, by taking it, as to them, or demanding it, as to him. In the like case of Holladay v. Bartholomae, 11 Ill. App. 208, it was said: "Here the debt secured by the mortgage had not matured, nor had the mortgagees taken possession under the insecurity clause of the mortgage. Until one or the other of these events had happened, the general property in the goods remained in the mortgagor, and hence, such an interest as was subject to levy or distress."

In Simmons v. Jenkins, 76 Ill. 481, the Supreme Court said : "If the chattels mortgaged be levied upon in the hands of the mortgagor under a right given to retain the possession and use until the debt secured matured, and such levy be before default, then, whether the mortgage contain the insecurity clause or not, the officer is not a trespasser in making the levy, and neither the action of trespass nor replevin in the *cepit* will lie in favor of the mortgagee for such act." See also Beach v. Derby, 19 Ill. 622. In such case there is no invasion of his actual or constructive possession, which is essential to support an action for a wrongful taking. The mortgagor having an interest which was subject to the executions, the taking by virtue of them was not unlawful and there could be no recovery under the first count, even if the mortgage was valid; nor under the second, without proof of a demand of possession made and refused before the commencement of the suit, or of a waiver by the defendant of a demand or facts showing it would have been useless or refused. O. & M. Ry. Co. v. Noe, 77 Ill. 513, and cases there cited; Johnson v. Harvey, 2 Gilm. 344; Cranz v. Kroger, 22 Ill. 74; Wells on Replevin, Sections 372-3-4.

The stipulation states that " after the writ of replevin herein was issued, and while said property was in the defendant's possession under the levy," the plaintiff made the demand, and it was refused, and that after such refusal the coroner served the writ. That was not a sufficient demand. But the refusal, and other facts in evidence, show that an earlier demand would have met the same treatment; that it was based on the claim that plaintiff had no interest in the property; that its mortgage, of which defendant then had notice by the record, was void as against the plaintiffs in the executions; and also that for all the purposes of this suit a demand was waived. The stipulation contains the following: " Sixth. It is herein contended as follows: Plaintiff herein claims the right to recover from defendant said mortgaged property so levied on, under and by virtue of its mortgage conveyance; that less than two years had elapsed since said chattel mortgage deed was filed for record before the justice and in the office of the county recorder, and before the commencement of this suit and the demand made by plaintiff upon defendant; and that plaintiff did recover possession of the mortgaged property from defendant by this proceeding within said two years after such recording.

" On the part of defendant it is contended that the plaintiff has no standing in court, and that this suit has no standing in court; that the time between the filing of said instrument for record and the maturity of the entire debt and obligation mentioned in said mortgage exceeded the term of two years, contrary to the statute, and that by reason thereof said mortgage is insufficient to allow the plaintiff to recover, and is invalid as against said execution creditors."

From the arguments filed here, also, it appears that the only issue intended to be made by the parties was upon the validity of the mortgage—a question of law presented by the facts agreed on and shown by record evidence. The execution creditors having observed that one of the notes mentioned in it would not be due by its term until October 1–4, 1894, nearly two months more than two years after it

was filed for record, determined to disregard it and levy upon the property. It can not be reasonably supposed that the sheriff would have complied with any demand of appellee for its surrender. He did not intend to sell only the interest of the mortgagor, but the property, as unincumbered by the mortgage, and understood that unless appellee took the same view of the statute and abandoned his claim, as against the executions, suit would be brought against him and the question of right thereby settled. Therefore he should not be allowed now to defeat the action and prevent an adjudication of the right by the objection that the demand was not made before the writ issued. It does not appear that when he refused the demand that was made he knew that the writ had issued, and it is morally certain that if he had supposed it had not he would have refused just as he did. That made a demand unnecessary, and by his stipulation he has waived it.

The question then is whether the mortgage was invalid under the statute for the reason stated.

Section 4 of Chap. 95, as amended by the act approved June 17, 1891, declares that a chattel mortgage, acknowledged as provided in the statute, shall be admitted to record as also therein provided, and " shall thereupon, if *bona fide*, be good and valid from the time it is filed for record until the maturity of the entire debt and obligation, or extension thereof made as hereinafter specified; provided, such time shall not exceed two years from the filing of the mortgage, unless within thirty days next preceding the expiration of such two years, or if the said debt or obligation matures within such two years, then within thirty days next preceding the maturity of said debt or obligation, the mortgagor and mortgagee, his or their agent or attorney shall file for record," as therein prescribed, " an affidavit setting forth particularly the mortgagee's interest, the amount remaining unpaid, and the time when the same will become due by extension or otherwise," which shall be recorded as required, " and thereupon the mortgage lien originally acquired shall be continued and extended for and

during the term of two years from the filing of such affidavit, or until the maturity of the indebtedness or extension thereof secured by said mortgage; provided such time shall not exceed two years from the date of filing such affidavit."

A brief statement of the course of legislation on this subject may throw some light upon the question under consideration, namely, whether appellee's mortgage, given to secure an indebtedness which did not wholly mature within two years from the time it was filed for record, was protected by this provision.

The revised statutes of 1845 declared that no mortgage of personal property which still remained in possession of the mortgagor should be valid as against the rights and interests of any third person unless it provided for his retaining possession, and was acknowledged and recorded as therein directed, but in that case, if *bona fide*, it should be good and valid from the time it was so recorded, "for a space of time not exceeding two years," without reference to the time of maturity of the mortgage debt. The construction given to it was that the lien would be good for that time, although the debt was not yet due when it expired; but if the debt matured within that time the mortgagee must take possession promptly upon default in payment.

Section 4 of the revising act of March 26, 1874, declared it good and valid " from the time it is filed for record until the maturity of the entire debt or obligation, provided such time shall not exceed two years." 2 Starr, etc., p. 1633. It did not provide for any extension of the lien; but the act of June 16, 1887, while retaining the precise language last above quoted, amended the section by substituting a comma for the period after " years," and adding the following: " unless within thirty days next preceding the maturity of the note or obligation which such instrument or mortgage is given to secure, the mortgagor and mortgagee, his or their agent or attorney, shall file for record an affidavit setting forth, among other things, the time for which the said mortgage is extended, which said extension shall not

exceed the further term of two years," and the section as amended closes with the declaration that "thereupon the mortgage lien originally acquired shall be continued and extended for and during the term of such extension."

It was under this section that the question in the case of Silvis v. Aultman, 141 Ill. 632, arose. The Circuit Court of Rock Island County held the mortgage invalid as to third persons because the notes it was given to secure did not all mature within two years from the time it was filed for record. The Appellate Court for the Second District held otherwise and reversed the judgment; but a majority of the Supreme Court reversed that of the Appellate Court and affirmed that of the Circuit Court. It was while the question as to the effect of the act of 1887, upon which these lower courts differed, was pending in the Supreme Court that the bill for the act of 1891 was introduced, and it is not improbable that the purpose of its enactment was to settle that question. The legislature could not know how the Supreme Court would decide it. It was a question of construction, somewhat doubtful and of considerable practical importance. Both debtors and creditors had understood for many years that these mortgages were valid liens until the maturity of the entire debt, if it matured within two years, and if not, then for two years from the time it was filed for record. During all those many years the legislature had seen no sufficient reason for such a distinction as would make them valid as against third persons in the one case and wholly invalid in the other; for in neither were they allowed to be so for more than two years, unless extended as provided by the act of 1887, nor by such extension for more than two years further.

The Supreme Court decided that by the acts of 1873 and 1887, the language on this point being the same, the effect of a lien as against third persons was denied to mortgages given to secure debts which in whole or part did not mature within the two years; and it is contended for appellant that the legislature made no change in that respect by the amendment of 1891, and that the reasoning in the case of

Silvis v. Aultman applies with as full force to the latter as to the preceding amendments of section four.

That this is a mistaken view we think is apparent from the fact that in neither of those acts is there any provision that could be applied, or any reference whatever to the class of mortgages here in question, those given to secure an indebtedness not wholly maturing within the two years mentioned; so the Supreme Court found. It held that the general enacting clause making the mortgage a lien " until the maturity of the entire debt or obligation," was limited by the proviso that " such time shall not exceed two years," and that " such time " meant " the period between the time of filing the mortgage for record and the maturity of the entire debt, or of all the notes secured by it " (p. 639); and that the mortgage would not be valid for such portion of the debt as would mature within that period. Thus it excluded from its operation all cases in which the debt, or any portion of it, would not mature within that period. Under a distinction upon any one ground there can be only two classes of cases. Here it is upon the time of the maturity of the entire mortgage debt, and the two classes are those in which the entire debt does mature within the period specified and those in which it does not. The amendatory acts of 1874 and of 1887 do not provide for nor refer to the latter, but the amendment of 1891 does, and fully provides for it; and all the important changes in the law as made by it, seem to have that for their object. Thus the proviso which in the former acts gave the right to an extension of the lien required, that for that purpose the affidavit should be filed " within thirty days next preceding the maturity of the note or obligation which such instrument or mortgage is given to secure," is itself limited by that of 1891 to cases in which the debt or obligation would mature within the two years, and a different time is prescribed for the filing of the affidavit in others, which others must be those in which it would not mature within that period. The mortgage is declared to be good and valid " until the maturity of the entire debt *or obligation, or extension thereof*

*made as hereinafter specified,*" the words italicized being
added to those in the former acts. Then follows the limita-
tion, " *Provided,* such time "—that is, the time for the filing
of the mortgage for record until the maturity of the entire
debt as originally limited, or its extension—" shall not exceed
two years from the filing of the mortgage, unless within
thirty days next preceding such two years, or if the said
debt or obligation matured within such two years, then
within thirty days next preceding the maturity of said debt
or obligation, the mortgagor and mortgagee, his or their
agent or attorney, shall file for record" an affidavit, etc.
Provision is thus clearly made for the extension of both
classes of mortgages.

A mortgage given to secure a debt which does not wholly
mature within the two years indicated will be good and
valid until the extension thereof, by filing for record within
thirty days next preceding the expiration of such two
years the required affidavit, and by the recording of such
affidavit, " the mortgage lien originally acquired will be con-
tinued and extended for a further term not exceeding two
years from the filing of the affidavit. This provision can
have no application to a mortgage given to secure a debt
wholly maturing within the designated period of two years.
For that class a different provision is expressly made. If
the debt does so mature the affidavit must be filed within
thirty days next preceding such maturity.

We are of opinion, then, that the mortgage in this case
was not void *ab initio,* but would of its own force have con-
tinued to be an effectual lien as against third persons until
the time prescribed for the filing of an affidavit for its ex-
tension had passed and the parties had failed to file it.
That time has not yet passed. When the demand was
made and this suit commenced appellee had the right to
take possession of the property. Appellant, having made a
demand before suit brought unnecessary, and substantially
waived it by his stipulation, is not entitled to his costs
under Section 22 of the Replevin Act, and the judgment of
the Circuit Court will be affirmed.