## Bauman Loan Co. v. Phillip Hatowsky.

1. SALES—*Title in Vendee and Possession in Vendor Not Permitted.* —The policy of the law will not permit the owner of personal property to sell it, either absolutely or conditionally, and still continue in possession of it.

2. SAME—*Mere Physical Handling of Property.*—An acquaintance of plaintiff brought a customer into his place of business, who represented that he was engaged, and desired to purchase a present for his "girl." He was shown various articles, and finally professed himself unable to decide between a pair of diamond ear-rings and a finger ring, and wanted to show them to the young woman for her to make the selection, agreeing to report that night or the next morning. Plaintiff consented and the customer went off with the jewelry and plaintiff has not seen him since. Later the ear-rings were found in the possession of a pawnbroker. *Held,* no sale.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 27, 1903.

MANCHA BRUGGEMEYER, attorney for appellant.

J. G. GROSSBERG, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a replevin suit commenced before a justice of the peace to recover from appellant a pair of diamond ear-rings. The cause was appealed to the Circuit Court and tried before a jury who returned a verdict for the value of the articles in favor of appellee. From the judgment rendered accordingly, comes this appeal.

Appellee carries on a jewelry business and appellant is a pawnbroker. It appears from appellee's evidence that an acquaintance of his brought into his place of business, and recommended to appellee one Basch, who represented that he was engaged, and desired to purchase a present for his "girl." He was shown various articles, and finally professed himself unable to decide between a pair of diamond ear-rings and a finger ring, and wanted to show them to the young woman for her to make the selection, agreeing to report that night or the next morning. Appellee assented and Basch went off with the rings and appellee has not seen him since. Later the ear-rings were found in the possession of appellant, who had advanced $75 on them.

It is urged by appellant that "the facts stated constitute a sale, and as against a *bona fide* pledgee the title passed." Where a party sells goods to another and delivers them to the purchaser, although the purchaser fails to pay or secure payment for them as he agreed, still a sale by such purchaser to a third party without notice will pass title to the latter, and he will hold the goods as against the first vendor. Van Duzor v. Allen, 90 Ill. 499–501. The "policy of the law in Illinois will not permit the owner of personal property to sell it, either absolutely or conditionally, and still continue in possession of it." Harkness v. Russell, 118 U. S. 663–679. It is necessary, therefore, in order to sustain appellant's defense, to prove that the goods had been sold by appellee to Basch either conditionally or absolutely. The evidence is somewhat conflicting on the ques-

tion of fact, and it was submitted to the jury, who found specially that appellee had not sold the property in question. The facts, as shown by appellee's evidence, do not constitute a sale of the jewelry delivered to Basch. Basch, it appears, agreed to " let her select what she likes." The supposed " girl" might not have liked either, and in such event it would scarcely be contended the prospective purchaser was bound. Appellee may have made a proposition to sell, but if so there is no evidence what it was.

Objection is made to certain instructions and special interrogatories given to the jury. The instruction, however, stated the law correctly to the effect that if the goods were in fact stolen by Basch, and appellant thereafter paid money on them to the thief in good faith, appellee's ownership was not for that reason divested. The form of one of the special interrogatories is objected to, but the jury answered it definitely.

Finding no error the judgment of the Circuit Court is affirmed.