## Philip Hatowski, Appellee, v. Alexander Cassriel, Appellant.

### Gen. No. 14,975.

TROVER—*when conversion established. Held,* under the evidence, that the transfer of possession of the property alleged to have been converted was not in pursuance of a sale or a contract of sale, but that such transaction was a mere bailment with at most a privilege of purchasing at a price named.

Trover. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 17, 1910.

WEISSENBACH & MELOAN, for appellant.

ALFRED LIVINGSTON and E. N. ZOLINE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of trover by appellee against appellant for the conversion of a diamond ring and a pair of diamond earrings, plaintiff had judgment for $562.50, and the defendant appealed. Plaintiff had a jewelry store in Chicago and delivered the rings in question to one Goldfield March 5, 1905. The same day Goldfield pawned the earrings to defendant as security for a loan of $160, and two days later pawned to defendant the ring, as security for a loan of $175. The only evidence as to the transaction between plaintiff and Goldfield is the testimony of plaintiff and Rose Sager, his clerk. Plaintiff testified that "on March 5, 1903, a man by the name of Mr. Goldfield, I know him a few years, he come into my place, and tells me he wants to see rings for his wife, or a diamond ring. I says, 'how high do you want to go?' He says, 'something about two and a half to three carats.' He also says he wants to see some earrings. I took out a pair of diamond earrings from my safe and a diamond ring and show him the earrings and

the ring. He says, 'what is the price of the earrings?' I told him $310. He asked me the price of the ring. I told him $175. He asked me if I will give him them to show his wife, and if she liked them—I says, 'yes, I will give it to you,' and he says he will report me back about the earrings in two hours, and he told me he is going to ask a diamond dealer if it is a bargain, and I let him have them.'' Rose Sager testified that, ''Mr. Goldfield came in and asked Mr. Hatowski if he couldn't show him something in a pair of diamond earrings and a ring. Mr. Hatowski said 'yes' and showed him a pair of diamond earrings, also a ring, and he looked at them and asked Mr. Hatowski if he wouldn't let him take it home and show it to his wife. He did not know which she would like, and Mr. Hatowski told him 'yes' and he said he would take them home and if she liked them, and then he would see if they were good diamonds and worth the value, and if they were all right and satisfactory he would bring them back and make a bargain with him.'' The testimony does not prove or tend to prove a sale, nor even an agreement to sell at a future time. Goldfield asked to see rings and when shown them asked to be permitted to take them to show to his wife and to a dealer in diamonds. Plaintiff named a price for the rings but Goldfield did not agree to buy them at the price. The transfer of possession was not in pursuance of a sale or of a contract to sell. The transaction was a mere bailment with, at most, a privilege of purchasing at the price named, which Goldfield could exercise or not, at his option. By such bailment the property in the rings did not pass to Goldfield, and the defendant could acquire from Goldfield no right to the rings as against the plaintiff. On the uncontroverted facts of the case plaintiff was entitled to recover, and the judgment therefore should not be reversed because of error in the rulings of the court on instructions.

The record of the acquittal of Goldfield on an in-

dictment for larceny of the rings from plaintiff was not admissible in evidence in this case.

The jury assessed plaintiff's damages at $606.25, plaintiff remitted therefrom $43.75, and the court gave judgment for $562.50. Appellant contends that the evidence is not sufficient to warrant or support a judgment for that amount. The earrings weighed one and a quarter carats each, the ring two and a quarter carats, making a total of four and three quarter carats. The only evidence as to their value at the time they were pawned by Goldfield to defendant was the testimony of defendant. He was asked their value at that time and answered that they were worth about $100 a carat. Asked if the earrings were not worth $250, he answered that they were worth around $200. Asked what the ring was then worth, he answered that it was worth in the neighborhood of $200, maybe a little more.

We do not think that the later answers of the defendant materially qualify his first answer that the value of the rings was about $100 a carat. Taking the value of the rings at $100 a carat and adding interest at five per cent from March 5 and 7, 1903, when they were pawned, to May 8, 1908, when the judgment was rendered, the amount exceeds the amount of the recovery.

We think that the plaintiff was, on the evidence in the case, clearly entitled to recover against the defendant the amount he recovered, and the judgment will therefore be affirmed.

*Affirmed.*