# Montgomery Ward & Company, Appellee, v. John Roeder et al., on 'appeal of J. Segal, Appellant.

## Gen. No. 25,074.

1. APPEAL AND ERROR, § 482*—*necessity for propositions of law.* Where no propositions of law are submitted to the trial court, the Appellate Court may not ascertain from the record the theory on which the case was decided.

2. SALES, § 218*—*when question for jury whether purchaser had notice of nature of seller's title.* On replevin to recover possession of a piano sold to defendant by one who purchased of plaintiff under an agreement for the payment of monthly instalments, the question whether defendant purchased without notice of plaintiff's rights, *held,* under the evidence, to be a question of fact.

3. REPLEVIN, § 41*—*when demand unnecessary.* Demand is not prerequisite to bringing an action of replevin against one claiming the property as a purchaser from the one to whom plaintiff had delivered the property with an option to purchase, where defendant was not an innocent purchaser for value without notice.

4. BAILMENT, § 4*—*when holder of goods under option to purchase is a mere bailee.* Semble, that one who orders goods of another with the provision that he shall not be under obligation to keep them, unless he is perfectly satisfied at the end of 30 days' trial and that if he decides to buy at the end of 30 days' trial specified payments will be made, is a mere bailee of the goods with an option to purchase on the terms stated.

5. SALES, § 181*—*effect of sale by holder of goods under option to purchase.* One who receives goods from the owner as a mere bailee with an option to purchase upon certain terms and conditions stated in the written order given by him for the goods acquires no title where he never elects his option and consequently can convey no title to a third person, even though the latter be a purchaser for value without notice.

6. SALES, § 180*—*application of Uniform Sales Act in determining transfer of title.* Where one orders goods of another with a provision in such written order that he shall not be under obligation to keep them unless he is perfectly satisfied at the end of 30 days' trial, no time being fixed in the instrument for the return of the goods, such agreement is controlled by section 18 of the Uniform Sales Act [Call. 1916 Stat. ¶ 10021(21)] and by the

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

second part of the third rule for ascertaining the intent of the parties [Call. 1916 Stat. ¶ 10021(22)].

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed March 9, 1920.

B. M. SHAFFNER, for appellant.

WINSTON, STRAWN & SHAW, for appellee; JOHN C. SLADE, W. H. CHADWICK and RAYMOND SOUTHWORTH, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

The plaintiff below brought suit in replevin to recover posession of one oak player piano, No. 23,624. The affidavit alleged that this piano player was wrongfully taken and held by the defendants John Roeder and J. Segal. The piano player was taken from the possession of appellant Segal on the writ, and turned over to the plaintiff.

Roeder was served but did not appear or defend. The case was tried by the court without a jury, and the court found the right of possession in the plaintiff, and damages for detention at the sum of one cent, for which amount judgment was entered. This appeal followed.

On March 25, 1918, the defendant J. Roeder gave to Montgomery Ward & Company the following order:

"5310          418
"Montgomery Ward & Co. Chicago   Chicago Avenue Bridge   Satisfaction guaranteed or your money back New York Chicago Kansas City Fort Worth Portland

TRY OUR PIANO 30 DAYS BEFORE SENDING ANY MONEY

Please fill in all blank spaces on red lines
(Date)   3, 25, 1918.
MONTGOMERY WARD & CO., CHICAGO.
"You may ship me the piano described below, freight

Montgomery Ward & Co. v. Roeder, 217 Ill. App. 89.

paid by you, without obligation on my part to keep it unless I am perfectly satisfied at the end of 30 days' trial.

"If, at the end of 30 days' trial, I decide to buy the piano, I will send you the amount of the freight charges you paid to ship the piano to me, together with a first payment of $50.00, and I will pay you $10.00 on the 5 day of each month following until the piano is paid for, when you are to give me a receipt showing that it is my property.

"If, at the end of 30 days' trial I decide that the piano is not satisfactory, I will notify you to send me shipping directions for returning the piano at your expense.

| Number in Catalogue | Name of Piano Selected | Wood desired Walnut-Ma-hogany Oak | Price of Piano selected |
|---|---|---|---|
| 267V6053 | *Windsor player* | *Quartered Oak* | *$469.00* |

| If you are under legal age Please have your father or some other responsible person guarantee the payments by signing under your signature. | Sign Here | *John Roeder C. E.* *3519 Janssen Ave.* |
|---|---|---|

| R. R. Co. | Post Office | Chicago | Belmont Station |
|---|---|---|---|
| I have lived here since One year | R. F. D. Box | No. | State Ill. Street and No. 3519 Janssen Ave. |
| My occupation or business is Manufacturer | Shipping Point | | County |

| References | Name | Address | Business or Occupation |
|---|---|---|---|
| M. Rosenthal | | 170 W. South Water | Commissioner |
| Burbo King | | 6135 Vernon Ave | Manufacturer |

NAMES GIVEN AS REFERENCES SHOULD BE OF BANKS OR
BUSINESS HOUSES.

"Montgomery Ward & Co.'s business has been built
on a policy of entire satisfaction to the customer or
money back without argument, and refund of transpor-
tation charges both ways.

"Our written Piano Guarantee· sent each purchaser
provides absolute protection against defects in material
and workmanship for twenty-five years.

(Stamped on face of order was this acceptance.)
O. K. to ship
Time Payment Division.
Received
Mar. 25, 1918
T. P. DIV.

WE GUARANTEE TO SATISFY OR RETURN MONEY."

On April 10, 1918, thereafter, Montgomery Ward &
Company directed that the piano player should be
shipped to Roeder by the Chicago, Milwaukee & St.
Paul ·railroad, and to the address named in the order.
It was received by him on April 20, 1918, and placed
in a warehouse. The bill of lading was made out in
his name. Later, he removed the instrument to a flat
in which he resided at 3723 Waveland avenue. On the
12th of June thereafter, Roeder sold the instrument
to appellant Jacob Segal for the sum of $100. $92 of
this amount was paid by his check on that date, and
$8.00 in cash upon Roeder's request that he give him
currency to that amount. Thereupon Roeder gave to
Segal the following receipt:

"June, 12, 1918.
"Received of Jacob Segal, 924 South Halsted street,
One hundred dollars for a Windsor, #23,624. Paid in
full.
(signed)   JOHN ROEDER."

Defendant Segal at that time conducted a music store
at 924 South Halsted street, under the name of "J.
Segal Co., not inc." His business card further stated

"Music Store, Musical Instruments of every description, Phonographs and Pianos, Repairing of all Musical Instruments. 924 S. Halsted St. Music Furnished for all occasions, Chicago."

He lived at 1608 South Sawyer avenue. His evidence, which is the only testimony in the record as to the circumstances of the sale, is to the effect that he knew Roeder through a society to which they both belonged; that Roeder called him up and asked if he wanted to buy a player piano; that his, Segal's wife, did not play the piano, and wanted a player piano. "He showed me a paper from the factory; said he was making hardware for pianos; that the government was after him for being a German spy; and was down and out, and wanted to sell the piano. Didn't understand much about the player piano; took my sister-in-law to test it; then he showed me a bill of sale from the factory. I took the number of the piano and went to the county recorder's office downstairs, and we looked over five or six books, and could not find that John Roeder had any mortgage on a piano; examined the record and found no mortgage. Told him I would let him know; next day I went over and told him what the piano was worth to me; paid him $100 in cash and $10 for moving the piano."

The evidence shows that after signing the order of March 25, Roeder at no time communicated with Montgomery Ward & Company. He made no payment upon the contract. Neither before nor after the expiration of the 30 days' trial did he notify the company he had decided to buy the piano or that it was not satisfactory. He did not at any time request shipping directions for returning it. The evidence shows that as secondhand goods the piano was worth about $300.

No propositions of law were submitted to the trial court and we are not able to determine from the record on what theory the trial court decided the case. *Overland Motor Co. v. Tennant,* 195 Ill. App. 6,

It is the contention of the appellant that the contract in evidence indicates a conditional sale; that appellant Segal was an innocent purchaser for value without notice of plaintiff's right, and that plaintiff could, therefore, not maintain his suit without a previous demand. *Ohio & M. Ry. Co. v. Noe,* 77 Ill. 513; and could not, even if a demand had been made, sustain the suit. *Lyon & Healy v. Walldren,* 201 Ill. App. 609; *Gilbert v. National Cash Register Co.,* 176 Ill. 288.

We think, under the facts in this record, the question of whether appellant should be held to be a purchaser without notice of plaintiff's rights is a question of fact which, on the record, it must be presumed the court found against appellant. Appellant does not argue that the finding is against the weight of the evidence, but, on the contrary, contends that appellant was an innocent purchaser for value without notice, as a matter of law. We do not so view the record. If appellant was not such purchaser, then clearly the finding and judgment of the court were right, and no demand before bringing suit would be necessary. *Schwamb Lumber Co. v. Schaar,* 94 Ill. App. 544; *Taylor v. Welsh,* 138 Ill. App. 190.

Moreover, we are inclined to think that there is merit to the contention of appellee that by the terms of the written order of Roeder, he, Roeder, was a mere bailee of the piano player with an option to purchase upon the terms and conditions stated therein. If so, no title passed to Roeder because he never elected to exercise his option, and having no title himself, he would not be able to convey a title, even to a purchaser in good faith and for value. There are authorities which sustain this view. *Hunt v. Wyman,* 100 Mass. 198; *Colton v. Wise,* 7 Ill. App. 395; *Bauman Loan Co. v. Hatowsky,* 107 Ill. App. 181; *Hatowski v. Cassriel,* 153 Ill. App. 239. As was said in *Hunt v. Wyman, supra:*

"An option to purchase if he liked is essentially different from an option to return a purchase if he should

not like. In one case the title will not pass until the option is determined; in the other, the property passes at once, subject to the right to rescind and return.''

It is not easy to collect from the decisions any general rule which will distinguish a contract of sale from one of bailment. See Williston on Sales, sec. 338. We think the Uniform Sales Act, which was in force in Illinois at the time of this transaction, states the law which must be held applicable thereto. By section 18 thereof, Hurd's Rev. St. 1917, p. 2601 [Call. 1916 Stat. ¶ 10021(21)], it is provided: ''Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred.'' And by the second part of rule No. 3 [Call. 1916 Stat. ¶ 10021(22)] for ascertaining the intention of the parties ''unless a different intention appears,'' it is provided: ''When goods are delivered to the buyer on approval or on trial or on satisfaction or other similar terms, the property therein passes to the buyer (a) when he signifies his approval or acceptance to the seller or does any other act adopting the transaction: (b) if he does not signify his approval or acceptance to the seller, but retains the goods without giving notice of rejection, then, if a time has been fixed for the return of the goods, on the expiration of such time, and, if no time has been fixed, on the expiration of a reasonable time. What is a reasonable time is a question of fact.'' Here no time was fixed for the return of the goods.

It would therefore appear that the ultimate question on this phase of the case was also one of fact, which has been decided adversely to appellant by the trial court. On neither point does the appellant argue that the finding of the court is against the manifest weight of the evidence. It follows that the judgment must be affirmed.

<em>Affirmed.</em>

MR. JUSTICES BARNES and GRIDLEY concur.