J. Gray Lucas, Plaintiff in Error, v. Lee Gansler et al., Defendants in Error.

Gen. No. 31,611.

Opinion filed March 29, 1928. Rehearing denied April 12, 1928.

EDWARD H. MORRIS and J. GRAY LUCAS, for plaintiff in error.

WALTER A. ROONEY and J. J. COOKE, for defendants in error.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is an action of replevin brought in the superior court, on October 3, 1922, by the plaintiff, J. Gray Lucas, against the defendants, Gansler, Jacobs and

Shapiro, for the recovery of an automobile, valued at $1,200.

On October 3, 1922, the plaintiff filed an affidavit for replevin, and, on the same day, a writ was issued, directed to the sheriff, for the recovery of the automobile, and on March 26, 1923, the sheriff replevied the automobile, and delivered it to the plaintiff, J. Gray Lucas, having taken a bond from him in the sum of $2,400.

On March 25, 1923, the plaintiff filed a declaration which alleged that the defendants wrongfully took the automobile, and wrongfully detained it; and, further, that being lawfully possessed of the automobile, he lost it, and on the same day it came to the possession of the defendants, by finding, yet the defendants, knowing that it was the property of the plaintiff, have not delivered it to him, though often requested, but have refused to do so, and have converted and disposed of it to their own use.

To the declaration, the defendants filed pleas of *non cepit, non detinet,* and that the automobile was not the property of the plaintiff, but of the defendant, William Jacobs.

On November 30, 1923, the case being called for trial, and neither party appearing, it was ordered that it be dismissed, with costs, for want of prosecution, and that a writ of *retorno habendo* issue for the return of the property replevied. On December 26, 1923, the order of November 30, 1923, dismissing the cause, was vacated and set aside, and the cause reinstated and set for trial January 30, 1924, and the writ of *retorno habendo* recalled and quashed.

On January 7, 1924, the plaintiff filed a replication to the pleas of the defendants, and alleged that the automobile, at the time when it was taken, was "the property of him, the plaintiff, together with Olive G. Lucas, his wife, the owner thereof, and not of the defendant."

There was a trial, before the court, with a jury, and on January 30, 1924, an instructed verdict of the jury, finding "the defendants not guilty, and the right to the possession of the property in question in the defendants." Judgment was entered upon the verdict that the defendants have and recover from the plaintiff possession of the automobile and their costs and charges.

On February 2, 1924, on motion of the attorneys for the defendants, the verdict of January 30, 1924, and the order for the issuance of a writ of *retorno habendo* were vacated and set aside.

On June 11, 1925, there was a second trial, and on June 12, 1925, an instructed verdict. The record shows the following:

"This day again come the parties to this suit by their attorneys respectively and the jury impanelled herein also come and thereupon at the close of all of the evidence on motion of defendants' attorney the court instructs the jury to find the defendants not guilty and the jury say, 'We the jury find the defendants not guilty.'"

It also shows, after the overruling of the plaintiff's motion for a new trial, and in arrest of judgment, the following:

"Therefore it is considered by the court that the plaintiff take nothing by his said suit and the defendants go hence without day * * *. It is ordered that a writ of *retorno habendo* do issue herein in favor of the defendant, Wm. Jacobs, for the return of the property replevied herein by virtue of the writ of replevin issued in said cause."

This appeal is from that judgment.

On June 19, 1925, counsel for the plaintiff entered a motion to vacate the order "that a writ of *retorno habendo* do issue," and on July 8, 1925, an order was entered that the motion of the solicitors for the plain-

tiff to vacate and set aside the order for a writ of *retorno habendo,* entered on July 12, 1925, be denied.

It is contended for the plaintiff that the order of the trial judge, that a writ of *retorno habendo* issue, was unlawful, and beyond the power of the court, in the absence of a specific finding by the jury of the right of property in the defendants, as well as a finding of ''the defendants not guilty.'' On the other hand, it is the contention of counsel for the defendants that as the jury were directed by the court to find the defendants not guilty, and they did so, and the court then ordered a writ of *retorno habendo,* it is only reasonable to infer that the evidence, upon which he directed the verdict in favor of the defendants, was sufficient to justify the award of the writ of *retorno habendo.* There is no doubt that in the instant case, if the court had tried the cause without a jury and had made a finding that the defendants were not guilty, and had thereupon entered a judgment on the finding, and also had awarded the writ of *retorno habendo,* this court, upon a common-law record, in the absence of any evidence to the contrary, would be entitled to conclude that the evidence before the trial judge was sufficient to show the right to possession of the property in the defendants, and sufficient to warrant the order for the writ of *retorno habendo.*

It is true that in the record before us there is no bill of exceptions, but counsel for the plaintiff, in their brief, state: ''The jury, after hearing the evidence adduced by both parties thereto, and arguments of counsel, being instructed by the court to 'find the defendants not guilty,' the jury returned into court the following verdict: 'We the jury find the defendants not guilty,' '' and that is sufficient to justify this court in assuming that the verdict was the result of the direct instruction of the trial judge himself.

There is no doubt that, generally speaking, it is the law that where the defendants in replevin file pleas

of *non cepit, non detinet,* and deny ownership, or the right of possession to be in the plaintiff, and the jury, upon its own determination, returns a verdict of not guilty, only, it would be error for the trial judge, as a result of that verdict, to order the issuing of a writ of *retorno habendo. Rohe v. Pease,* 189 Ill. 207. In the instant case, however, inasmuch as the trial judge ordered the verdict, and, upon its rendition, ordered the issuance of the writ, we think it must be assumed, from the record before us, that there was evidence that the plaintiff was not the owner, nor entitled to possession, and that the defendants were entitled to a return of the property, and the writ was properly issued. *Harris v. McCasland,* 29 Ill. App. 430. In that case, the court said:

"As announced by the jury it was a finding of property in the defendant; as entered by the court it was as not guilty. But the proceeding was *ore tenus,* and the verdict was equivalent to finding property in defendant, and such finding would authorize a judgment and writ *retorno habendo.*"

Further we think it is a reasonable inference, considering what the record contains—the direction of the verdict by the trial judge, and the particular verdict rendered by the jury, and the action of the trial judge in ordering the issuance of the writ of *retorno habendo*—not only that the evidence justified the conclusion that the right to possession of the property was in the defendants, but that it was the judgment of the court in directing the verdict and entering the judgment to hold and to adjudge and order that the right to possession was in the defendants and that the writ for the return of the property should issue. There being, as we have said above, no bill of exceptions, we are not informed as to what the evidence was, and, therefore, we are entitled to assume that it was sufficient to justify the judgment of the court and order the issuance of the writ. *Adair v. Adair,* 51 Ill. App.

301; *Culver v. Schroth,* 153 Ill. 437; *Kiesewetter v. Supreme Tent Knights of Maccabees of the World,* 227 Ill. 48.

The case has been tried twice, and each of the trial judges ordered a writ of *retorno habendo* to issue. We think it would be highly unreasonable now to hold that the learned trial judge who directed and received the verdict, and ordered the writ, did not decide and did not intend to decide that the right of possession had been proven by the evidence to be in the defendants.

For the reasons stated the judgment will be affirmed.

*Affirmed.*

HOLDOM and WILSON, JJ., concur.