## C. M. MURCH

*v.*

## SAMUEL W. WRIGHT.

1. SALES—*conditional sale and delivery.* Where, by the terms of a written agreement between M and L, the latter received from the former a piano, the price of which was fixed at $700.00, and upon taking it, L paid $50.00, which was called the rent of the instrument for the first month, and he was to pay $50.00 at the beginning of each month thereafter, for 13 months, the same to become L's property, in event of his paying the $700.00 within the 13 months, the monthly payment as rent to count as a part of the $700.00: *Held*, that this transaction could not be treated as a lease, but was a conditional sale of the piano, with a right of rescission on the part of M in event L should fail in paying the installments; and if levied upon by creditors of L, while in his possession, M's lien would thereby become extinct.

APPEAL from the Circuit Court of Moultrie county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of replevin, brought by the appellant against the appellee, at the October term, A. D. 1867, of the Circuit Court of Moultrie county, the subject of which was a

46　487
25a　105

46　487
28a　380

46　487
130　214

46　487
118　603

46　487
47a　123
47a　174
48a　395

46　487
53a　643
55a　621

46　487
62a　114

46　487
165　97
67a　592

46　487
69a　210
69a　226

46　487
72a　189

46　487
73a　213

46　487
176　297

46　487
85a　454

46　487
98a　1577

46　487
e201　605
d201　611
j201　615
e103a　520
103a　521

piano forte. The case was tried by the court, a jury being waived, and a judgment rendered for the defendant, awarding a return of the property. The facts in the case are fully stated in the opinion.

Mr. C. M. MORRISON, for the appellant.

Mr. JOHN R. EDEN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

We entertain no doubt that this transaction was, in fact, a sale of the piano, though made to assume the form of a lease for the purpose of giving the vendor a lien on the instrument until payment in full of the purchase money. The mere statement of the facts shows this. The price of the piano was seven hundred dollars. The purchaser, on taking it, paid fifty dollars, which was called the rent of the piano for the first month, and he was to pay fifty dollars at the beginning of each month thereafter for thirteen months, the piano to become the property of the purchaser in the event of his paying seven hundred dollars within the thirteen months, and in that event, all past payments of rent to count as a part of the seven hundred dollars. It will be observed that at the beginning of the thirteenth month, the purchaser would have paid six hundred and fifty dollars, and that he had the whole of that month for the payment of another fifty dollars, on the payment of which sum the piano was to become his property. It was a mere subterfuge to call this transaction a lease, and the application of that term in the written agreement between the parties does not change its real character. It was a conditional sale, with a right of rescission on the part of the vendor, in case the purchaser should fail in payment of his instalments—a contract legal and valid as between the parties, but made with the risk, on the part of the vendor, of losing his

lien, in case the property should be levied upon by creditors of the purchaser while in possession of the latter. That has happened in this instance, and the lien relied upon by the appellant is unavailing as against a creditor. *Jennings* v. *Gray*, 13 Ills., 610; *Brundage* v. *Camp*, 21 ib., 330; *McCormick* v. *Hadden*, 37 ib., 370.

As the case was tried by the court, and as that part of the evidence, as to which there is no controversy, fully sustains the finding, it is not necessary to decide upon the admissibility of the residue. Even if improperly admitted, its exclusion would not have changed the result.

*Judgment affirmed.*