WESLEY BEST

*v.*

THE NOKOMIS NATIONAL BANK.

1. PROMISSORY NOTE—*payee in possession may sue notwithstanding indorsement.* The payee of a promissory note may, although he has written an assignment on the back of it, maintain an action thereon in his own

name. The possession of the note in such case is *prima facie* evidence that he is the *bona fide* holder of it, and he may strike out any assignment written upon it by him.

2. SAME—*assignment for collection does not pass the legal title.* Where an assignment by the payee upon a bill or draft is shown to have been for collection merely, and for no other purpose, it will not transfer the title so as to defeat an action thereon in the name of the payee.

3. BILL—*consideration.* Where a bill is drawn payable to a bank, for the accommodation of a third person, who discounts the same to the bank, in the usual course of trade, the drawer can not defend on the ground that he received no consideration for the same, when sued by the bank.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This was an action of assumpsit by the Nokomis National Bank, against Wesley Best. The material facts of the case appear in the opinion of the court.

Mr. B. F. BURNETT, and Mr. A. L. KNAPP, for the appellant.

Messrs. PATTON & LANPHIER, and Mr. E. LANE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Sangamon circuit court, on the common money counts, accompanied by a notice to defendant that two certain bills of exchange, drawn by defendant in favor of B. F. Culp, cashier, on Whitaker and Gray, of St. Louis, would be offered in evidence.

The pleas were, *non assumpsit* and want of consideration.

There was a verdict for the plaintiff, and a motion for a new trial, which, on a *remittitur* being entered for seventy-nine dollars and seven cents, was denied, and judgment rendered for the balance.

To reverse this judgment, the defendant appeals.

B. F. Culp was the cashier of the Nokomis National Bank, the plaintiff in the action. The bills in question were discounted by this bank in the regular course of business, and drawn by appellant on Whitaker and Gray, of St. Louis. Though the drafts were payable to Culp, cashier, it was a bank transaction, and the drafts belonged to the bank, and it was expected appellant would pay them if the drawees failed to accept them. The drafts were protested for non-payment, and appellant duly notified thereof. It appeared the drawees were insolvent, not able to pay twenty cents on the dollar of their indebtedness. These drafts were really drawn for the benefit of the firm of E. A. Cooley & Co., grain dealers at Nokomis, and the proceeds placed to their credit on the books of the bank, appellant having received no part of the proceeds. These drafts were brought to the bank for discount by E. A. Cooley & Co., and the amount checked out by them at their discretion.

Appellant makes the point that the plaintiff was not the legal holder of the drafts, nor had it any interest therein; that the indorsement to R. A. Betts, cashier, transferred the legal interest to him. The answer to this is, the record does not show any indorsement of the bills when they were offered in evidence. This court held, in *Brinkley* v. *Going*, Breese, 366, 2d ed., that a payee of a note, although he may have written an assignment on the back of it, can maintain an action thereon in his own name. The indorsement is in the power and control of the payee, and he may strike it out or not, as he thinks proper, and the possession of the note by the payee is, unless the contrary appears, evidence that he is the *bona fide* holder of it. And the same doctrine is held in *Parks* v. *Brown*, 16 Ill. 454.

But the indorsements, if on the bills, are shown to have been for collection merely, and for no other purpose, and did not transfer the title. Edwards on Bills and Notes, sec. 253. R. A. Betts held the bills as agent, merely, of the Nokomis bank, who might, at their pleasure, annul his agency, and

deprive him of all authority to receive the money due to them. *Barker* v. *Prentiss,* 6 Mass. 430.

The objection that the bills were drawn for the accommodation of Cooley & Co., and, therefore, without consideration, is not tenable—it is no defense to the suit. The bills were not drawn for the accommodation of the bank, but of Cooley & Co., who received the proceeds from the bank. Well might a surety to a note plead he had received no consideration for the note. It is sufficient that his principal had received a consideration.

The instructions of the court are in no particular objectionable. They state fully and clearly the law of the case.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*