FLEURY & COMPANY

v.

JAMES W. TUFTS.

</div>

| 25 | 101 |
|----|-----|
| 69 | 211 |
| 25 | 101 |
| 73 | 214 |
| 73 | 462 |

*Sales—Title Reserved by Vendor—Conditional Sale—Bailment—Rescission—Consideration—Remedies—Promissory Notes—Indorsement.*

1. An instrument expressing an absolute agreement to pay a certain sum of money at a time specified and to a person named, or his order, is a promissory note.

2. An indorsement of a promissory note for collection does not pass the legal title.

3. Where the possession of personal property is delivered to the vendee under a contract reserving title in the vendor until payment, the transaction, as between the parties, is a conditio..al sale, the condition being subsequent and to be performed by the vendee alone.

4. A sale upon such condition is a good consideration for the vendee's absolute promise to perform.

5. The vendee can not, under such a contract, release himself from liability by returning or offering to return the property. The vendor may either resume possession of the property in the case of the vendee's default, or he may maintain an action on the notes given for the purchase money.

<div align="center">

[Opinion filed May 24, 1887.]

</div>

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. McCARTNEY & CASEY, for appellant.

Messrs. ORENDORFF & PATTON, for appellee.

PLEASANTS, P. J. Appellee recovered judgment on verdict against appellant—a corporation organized under the name of Fleury Medicine Company, which was changed, according to law, to that of Fleury & Company—for $213.60.

The declaration was in assumpsit, containing two special counts and the consolidated common counts, and the only causes of action were two instruments sued on as promissory notes. One was as follows:

"$100.                    SPRINGFIELD, ILL., June 8, 1885.

"For value received, October 1, 1885, after date, I promise to pay to the order of James W. Tufts one hundred dollars, with interest at 6 per cent.

"The consideration of this and other notes is the following described soda water fountain: One 12–5 R. No. 2 Arctic Matchless Crusader, No. 848, and 3 (10 gall.), 3 (6 gall.) copper founts, which I have received of James W. Tufts. Nevertheless, it is understood and agreed by and between us and the said James W. Tufts that the title to the above mentioned property does not pass to us, and that until all of said notes are paid the title to the aforesaid property shall remain in the said James W. Tufts, who shall have the right, in case of non-payment at maturity of either of said notes, without process of law, to enter and retake, and may enter and retake possession of the said property wherever it may be, and remove the same.

                    "FLEURY MEDICINE CO.,
                         "By FLEURY, President.

"Payable at the State National Bank, due October 1, 1885."

It bore the indorsement: "Pay F. K. Whittemore, Cashier, or order, for collection on my account. James W. Tufts, Boston, Mass., J. N. North;"—which was erased by plaintiff on the trial.

The other was precisely like it in all particulars except the time when payable, which was December 1, 1885.

In addition to the general issue to the whole declaration, defendant filed six special pleas, which were all adjudged insufficient on general demurrer.

Of these the first two are pleas of a want of consideration, which could be proved, if true, under the general issue. But they, in terms, show a good consideration, and then set up what is pleaded in those following as a total failure thereof. We think these latter do not show such failure. Thus, the 4th avers that the consideration was the sale and delivering of the apparatus described which plaintiff promised to deliver; that he did deliver as promised, but reserved the title, and that defendant has paid for the use and possession, $150, the full value thereof. But it does not aver directly, nor set forth enough of the contract to show that by it he was bound to part with the title, absolutely, before or concurrently with the payment of the notes sued on. The 5th avers that plaintiff contracted to give the possession and use of the apparatus to the defendant, who was to pay therefor $50 on such delivery, $90 on the 1st of August, 1885, and $100 on the first of each second month thereafter until $935.60 should be paid (two of which installments were evidenced by the notes in suit), and that then it should become the property of defendant, but until then the title should remain in plaintiff; that he did deliver it to defendant, in whose possession it still is, and that defendant made the first two payments ($50 and $90) at the time so appointed, but on September 1, 1885, tendered the property back to plaintiff in as good condition as when received, since which time it has made no claim to it or any interest in it, nor ever received or acquired any, but held and still holds the same subject to the order of plaintiff. This plea also fails to state a contract which would authorize defendant to return the property and thereby discharge its notes outstanding for unpaid installments of the price; nor does it directly aver that by any contract between the parties it had such right, nor that plaintiff had failed in any particular of the agreement on his part, or otherwise justified its rescission by defendant. And the 6th was in substance like the 5th.

After demurrer sustained, an "amended and additional" plea was filed, by which, in addition to the matter set forth in the 5th and 6th as originally put in, it was averred that by said agreement it was expressly provided that "if the defend-

ant failed to pay any of the amounts at the time they each became due, the penalty for such non-payment should be the re-delivering of said apparatus to plaintiff," and that this right to re-enter and take possession of it should be his only remedy. A general demurrer to this plea was sustained also, on what ground we do not clearly see. But neither is it perceived how any harm could have been done by it, for the court permitted an attempt to prove the contents of a lost agreement in pursuance of which it was said the notes sued on were executed and that it embraced an express provision to that effect, which may have been proper under the general issue. But the jury must have thought, and in our opinion rightly, that the attempt entirely failed, for they were instructed that if they believed from the evidence that there was a contract which provided that the defendant might return the fountain when it became unable to pay any part of the purchase money, and that it did in a proper manner attempt to return it as so provided, then their verdict should be for the defendant. This permission and instruction also cured the error, if there was any, in sustaining the demurrer to the other special pleas.

The instruments sued on, being absolute agreements to pay a certain sum of money at a time specified and to a person named, or his order, are promissory notes even under the Statute of Anne, and clearly so under ours. Their production made a *prima facie* case against the defendant and the court properly overruled the motion to exclude the evidence. The indorsement to the cashier for collection on payee's account did not transfer the legal title. Best v. Nokomis National Bank, 76 Ill. 608. If it did, the payee, being repossessed, could erase the indorsement and sue in his own name. *Ibid.*

As we have seen, there was no sufficient proof that the contract between the parties was different, in any particular bearing on the issue herein, from that set forth in these instruments, and it is not denied that before they became due appellant was ready and willing and offered to return the property to appellee. The only question then, is, whether, under this contract, it had the right, by returning it, to release itself from the obligation of its notes.

Fleury & Co. v. Tufts.

We are of opinion that, under the law as held in this State, the transaction was not a bailment, nor a contract to deliver or to sell, in future, on the one part, nor *to accept and pay* on the other, but a present actual delivery and acceptance, and a sale, subject only to a condition which was subsequent and to be performed by the vendee alone, and to that only as between the parties. Murch v. Wright, 46 Ill. 487; Lucas v. Campbell, 88 Ill. 447. Appellee's title when he delivered, is conceded to have been perfect. Upon delivery it was out of his power to rescind or change the contract except upon consent or default of appellant. Default or inability to perform on his own part was impossible because nothing remained to be done by him. Appellant's right to have the same perfect title was assured against everything but his own failure. Surely a sale upon such condition must be a good consideration for the vendee's absolute promise to perform it, and since appellee could not rescind or change the contract, nor by any act or omission defeat this right of appellant, we do not see on what principle the latter could rescind or change it without his consent by the contract itself or otherwise given. Clearly such right is not reserved to him by the contract. The condition is for the benefit of appellee, exclusively. If Fleury had a different understanding, it is not shown to have been authorized by anything appearing in the evidence. He may have hoped, because appellee had this remedy, that he would resort to it, but he ought to have seen that it was optional with him and in addition to his right of action on the notes.

Of the refused instructions, those that were not substantially embraced in the one given were mere truisms, not specially called for by anything in the case, and could have been of no advantage to appellant, if given. Under no proper instructions, upon this evidence, ought the verdict to have been different.

*Judgment affirmed.*