## Daniels v. Thompson.

1. *Contracts of Sale—Possession.*—A contract of sale which contains a provision authorizing the vendor to resume the possession of property placed in the possession of the vendee upon the latter's failure to make payments set forth, or in case the property should be levied upon by virtue of any writ, etc., not acknowledged and recorded as required by the chattel mortgage act, is valid between the parties, but invalid as to judgment creditors.

2. *Justice of the Peace—Docket Entries—Signatures, etc.*—It is not essential that the signature of a justice of the peace should be appended as a verification of his docket.

Memorandum.—Action of replevin. Justification under legal process. Appeal from the County Court of Vermilion County; the Hon. JOHN G. THOMPSON, County Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

The opinion of the court states the case.

### APPELLANT'S BRIEF.

Appellee was seeking to justify, as an officer, under a writ of attachment. It was incumbent on him to show that he was an officer *de jure*. Schlencker v. Risley, 3 Scam. 484; Outhouse v. Allen, 72 Ill. 529; People v. Webber, 89 Ill. 347 ; Gilligan v. Stevens, 4 Brad. 401; Vaughn v. Owens, 21 Ill. App. 250. He must further show, where the goods are claimed by a third party, a writ regular on its face, based and issued upon a proper affidavit and bond, or where the same has passed into judgment, a writ based on a judgment valid on its face. Johnson v. Holloway, 82 Ill. 334. A proceeding by attachment is in derogation of common law and one

seeking its benefits must bring himself strictly within the statute. If he does not the proceedings may be attacked collaterally. Haywood v. Collins, 60 Ill. 328; Waples on Attachment, page 321, Sec. 4.

J. F. BUCKNER and H. M. STEELY, attorneys for appellant.

APPELLEE'S BRIEF.

It is urged that judgment in the attachment case was not signed by the justice of the peace. The law does not require the justice to sign judgments in his docket to make them valid. Starr & Curtis' Statutes, Chap. 79; Lancaster v. Lane, 19 Ill. 242.

We do not think it necessary for appellee to show his commission as constable, as a court is presumed to know all public officers in civil affairs within its jurisdiction and will take judicial notice of all civil officers in the county in which it holds its sittings. Thielmann et al. v. Burg, 73 Ill. 293; Stout v. Slattery, 12 Ill. 162; Dyer v. Flint, 21 Ill. 80; Thompson v. Haskell, 21 Ill. 215; Brush v. Lemma, 77 Ill. 496.

It is urged by appellant that the attachment proceedings were irregular and void, without jurisdiction, because of the irregularity of the affidavit and bond therein, which the court permitted to be amended by filing sufficient affidavit and bond before judgment, which cured the irregularity in that respect. Amendments are allowed in attachment proceedings as in other cases. Starr & Curtis' Statutes, Chap. 11; Beecher v. James, 2 Scam. 462; Lea v. Vail, 2 Scam. 474; Roberts v. Dunn, 71 Ill. 46; Chapman v. Stuckey, 22 Ill. App. 33.

The written contract of sale between appellant and Debelt was a conditional sale. It being a sale on condition that the vendor should have a lien for the price of the goods sold, accompanied by a delivery of possession, it is fraudulent and void as to creditors, when not recorded. McCormick v. Hadden, 37 Ill. 370; Jennings v. Gage, 13 Ill. 611; Brundage v. Camp, 21 Ill. 330; Thompson v. Yeck, 21 Ill.

Daniels v. Thompson.

73; Ketchum v. Watson, 24 Ill. 591; Murch v. Wright, 46 Ill. 437; Lucas v. Campbell, 88 Ill. 447.

MABIN & SMITH, attorneys for appellee.

OPINION BY THE COURT.

This was an action of replevin begun before a justice of the peace and removed by appeal to the County Court where, on a trial by jury, the issues were found for defendant, and judgment was entered accordingly, from which the, plaintiff prosecutes an appeal to this court.

The defendant justified the taking as a constable, by writ of attachment against one Debelt, in whose possession the goods were found.

The plaintiff claimed that the goods belonged to him originally, though he had placed them in possession of Debelt under a written contract which contained a provision authorizing him to resume the possession upon failure of Debelt to make certain payments therein set forth, or in case the same should be levied upon by virtue of any writ, etc.

This contract was really a sale of the goods on credit, and was designed to secure a lien to the vendor for the unpaid purchase money.

It was not acknowledged or recorded as required by the chattel mortgage act, and while it was perhaps valid for the purpose designed as between the parties, it was invalid as against a judgment creditor. Murch v. Wright, 46 Ill. 487; Lucas v. Campbell, 88 Ill. 447.

It is urged by appellant that the court erred in permitting the appellee to testify that he was a constable and was acting as such. The testimony was objected to on the ground that the official character of the officer should be proved by his commission, but the objection was overruled. To this ruling no exception was saved at the time, nor was the point made on the motion for new trial. It can not, therefore, be considered now.

It is urged, also, that the court erred in allowing the de-

fendant to read to the jury the docket of the justice in the attachment case because it was not signed by the justice of the peace; and the affidavit and bond in the same case because they were originally imperfect.

It is not essential that the signature of the justice should be appended as a verification of his docket, and it appears that the bond and affidavit were amended before the judgment was entered. So that there was really no defect in either the docket or these papers, and if it were competent in this form of action to go behind a writ regular on its face under which the officer justifies as a defense, there is no valid objection to the jurisdiction in the present instance.

Assuming, as the defendant did, that it was incumbent upon him to sustain his action under the writ, by showing valid preceding steps, it is clear that he did so, and the plaintiff can not complain of the action of the court in this regard.

Questions of fact arising in the case need not be discussed, as we think the verdict is sufficiently supported by the proof. Whatever there was of conflict was for the jury to determine, and we can not say their conclusion is erroneous.

Some objection is urged as to the action of the court in giving an instruction asked for the defendant, and in refusing the third and fourth asked by the plaintiff.

As to the former, it is answered by what we have already said in reference to the legal effect and character of the written contract; and as to the latter, by what has been said as to the bond and affidavit and the justice's docket in the attachment case.

The judgment will be affirmed.