## James H. Gilbert v. The National Cash Register Company.

1. CHATTEL MORTGAGE—*What is, Under the Statute.*—Any conveyance of personal property having the effect of a mortgage or lien upon such property, providing that the possession thereof shall remain with the grantor, acknowledged and recorded in accordance with the act relating to chattel mortgages, is, for the purposes of such act, to be deemed a chattel mortgage.

2.  SAME—*When an Order for Goods is, in Effect—Notice.*—An order upon a manufacturing company for a " Cash Register, " to be sold upon credit, stating the terms of such credit, and providing that the vendee shall retain the possession of the register until default in one or more payments, and that the title of the same shall remain in the company as security for the deferred payments, when accepted and acted upon by the company, has the effect, as between the company and the purchaser, of giving it a lien for the amount unpaid thereon, and is, in effect, when properly acknowledged and recorded, a chattel mortgage, and notice to all the world.

3.  SAME—*What may be the Subject of a Chattel Mortgage.*—One may make a valid mortgage of a thing in which he has at the time a potential interest; as, if he owned sheep, he may mortgage the wool to grow upon them; but a fisherman who owns a schooner and is about to proceed upon a fishing voyage can not mortgage the fish he expects to catch because he has no potential interest in them.

4.  ACKNOWLEDGMENTS—*Omission to State the Venue Immaterial.*—The omission to state the name of the county, in the certificate of acknowledgment of a chattel mortgage, in which such acknowledgment is taken, is immaterial when it is certain that the acknowledgment was taken before a justice of the peace in and for a town which the court judicially knows to be in the proper county.

5.  SHERIFFS—*Liability for Selling Mortgaged Property.*—A sheriff who sells personal property upon which there is a mortgage, and of which he has notice, will be liable to the mortgagee for the value of the same.

**Transcript,** from a justice of the peace.  Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1896.  Affirmed.  Mr. Justice GARY, dissenting.  Opinion filed December 28, 1896.

### STATEMENT OF THE CASE.

This suit was brought by appellee before a justice of the peace to recover from appellant the value of a cash register. Appellee, through its agent, took an order for a cash register from one W. H. Luther, which order was dated May 12, 1891, and is as follows:

" (Form N. 4)                                   CHICAGO, 5–12, 1891.

GENTLEMEN :   Please ship to me at my place of business, No. 106 22d street, as soon as practicable, one of your No. 9 registers, as per your illustrated catalogue.   Said register to be equipped with all the latest improvements.   Cabinet to be Brass B., denominations of keys to be on Blank Key Indicator, ' No Sale.'

"On the fulfillment of above, I agree to pay you $175, viz., $25 cash, and give notes for the balance, due monthly, in equal sums of $15 each.

"The undersigned to retain possession of said register until default be made in one or more of said payments, or until you shall feel unsafe or insecure in the premises; in either of which cases, at your option, the whole of said sums shall immediately become due, and you shall be entitled to such possession. In the meantime the title of said register shall remain in you for the security of said payments, until the full amount is paid; and in case the undersigned shall default in one or more of said payments, the undersigned hereby agrees to forfeit to said The National Cash Register Company, as liquidated damages, all payments made on account of said register, and to at once restore to said company possession of said register.

"You to keep the register in repair for two years gratis.

"This contract covers all the agreements between the parties.

W. H. LUTHER.    [SEAL.]"

This order was signed May 12th; the register was thereafter built and delivered June 12th. June 29th the instrument was acknowledged, the certificate of acknowledgment being as follows:

"State of Illinois, } ss.
——— County.

The mortgage was acknowledged before me by W. H. Luther and entered by me this 29th day of June, A. D. 1891.

Witness my hand and seal.

THOMAS BRADWELL, [SEAL.]
Justice of the Peace, Town of South Chicago."

June 30, 1891, this instrument was recorded in the recorder's office of Cook county, Illinois.

November 4, 1891, the cash register in question in this suit, with other property of Luther in his place of business on 22d street, in the city of Chicago, was levied upon by the sheriff, under an execution duly issued out of the Circuit Court of Cook County, upon a judgment recovered by one

Matthews against said Luther, and later on, in November, 1891, the sheriff sold the property so levied upon, including the cash register, which brought $50 at the sale.

Appellee contends that said instrument is embraced within the statute as to chattel mortgages, and was recordable under the statute relating thereto, and that by virtue of such record, appellant had notice of the lien of appellee, and having seized and sold the register, is liable to appellee for the value thereof.

The evidence shows that after the levy was made and prior to the day of sale, one Kelsey, representing appellee, called upon the deputy sheriff and informed him that there was a mortgage on the register. One Blood testified on behalf of appellee, that on the day of the sale he showed the deputy sheriff and Edelstein (the purchaser at the sheriff's sale), the aforesaid instrument. The deputy sheriff testified that the instrument was not produced or shown to him at any time, and that on the day of the sale Blood said to him that he (Blood) could not produce the mortgage because it was at appellee's office, at Dayton, Ohio.

January 15, 1892, a judgment was rendered by the justice of the peace, before whom the case was tried, in favor of appellant (defendant below), from which appellee appealed to the Circuit Court, where, by agreement of the parties, a jury was waived and the case tried by the court; the finding of the court being in favor of appellee, judgment was entered in favor of him, and against appellant, for $175 and costs of suit, from which judgment this appeal is prosecuted.

PERRY A. HULL and ANSON E. MEANOR, attorneys for appellant.

ALBERT H. MEADS, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Section 1 of Chapter 95 of the Revised Statutes of Illinois, is as follows:

" 1.    That no mortgage, trust deed or other conveyance of personal property having the effect of a mortgage or lien upon such property, shall be valid against the rights and interests of any third person, unless possession thereof shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain with the grantor, and the instrument is acknowledged and recorded as hereinafter directed; and every such instrument shall, for the purposes of this act, be deemed a chattel mortgage."

By virtue of the statute, any conveyance of personal property having the effect of a mortgage or lien upon personal property, providing, etc., acknowledged and recorded in accordance with the act, is, for the purposes of the act, " deemed a chattel mortgage."

That the order of W. H. Luther did, when accepted and acted upon by the National Cash Register Co., in delivering to him the register, have the effect of a conveyance by such company to him of the personal property mentioned in said order, is manifest.    It is also apparent that such order, acceptance and delivery had the effect, as between the company and Luther, of giving to it a lien upon the register for the amount unpaid thereon.

Any person knowing that this order had been complied with, would regard it as in effect amounting to a conveyance of the register to Luther, and reserving to the register company a lien on the property so conveyed.

Such being the case, if the order was acknowledged and recorded in accordance with the statute, the record became notice of the lien of the company.

We think the instrument was properly acknowledged and recorded.    The justice in his certificate calls it a mortgage; the acknowledgment was written upon the instrument, and whether, technically, it was a mortgage, is immaterial.

The form of acknowledgment given in the statute does not contain a statement as to venue.

The omission of the name of the county for which the justice was such officer, and in which the acknowledgment was taken, is immaterial, as it is perfectly certain that the

acknowledgment was taken by a justice of the peace in and for the town of South Chicago, which we judicially know is in the county of Cook.  Chiniquy v. Catholic Bishop of Chicago, 41 Ill. 148.

Counsel for appellant insist that the mortgage was not properly introduced in evidence, because produced and offered at the taking of a deposition.  The mortgage was identified by the witness; he was examined and cross-examined as to the same; it was properly attached to the deposition as a part thereof, presented to, and properly received and considered by the court before which the cause was tried.

As soon as the order had been accepted by the register company, a contract capable of enforcement was created. The contract contemplated that the register company should deliver a register of a certain pattern, and that thereafter Luther should pay therefor the sum of $175; appellee retaining, until such payment was made, the title to said register " *as security* " for the deferred payments.

In fulfillment of the contract, the register company delivered the register to Luther, and thereupon at the same time, the lien of appellee came into effect; the words of the contract pledging to appellee the property as security, notwithstanding the possession thereof by Luther, became operative.

The case is not one of a pledge of after-acquired property, or of an article, not then in being, but of a thing, a complete right to which was obtained when the contract was accepted, which property, in accordance with the contract, was delivered to the mortgagor.  Up to the time of delivery, appellee had, by possession, security for what was to be paid to it; so soon as the delivery took place, the written pledge took effect, which pledge, having the effect of a lien, and therefore by statute a chattel mortgage, was, by virtue of its acknowledgment and recording, notice to all the world. Greenaway v. Fuller, 47 Mich. 557;  Harkness v. Russell, 118 U. S. 663;  Hooven v. Burdette, 153 Ill. 679;  Newell v. Grant Locomotive Works, 50 Ill. App. 611;  Ward v. Shaw, 7 Wend. 404;  Benjamin on Sales, Sec. 320.

One may make a valid mortgage of a thing in which he

has at the time a potential interest; as, if he owns sheep he may mortgage the wool to grow upon them; but a fisherman who owns a schooner and is about to proceed upon a fishing voyage, can not mortgage the fish he expects to catch, because, he has no potential interest in them. 3 Am. & Eng. Ency. of Law, 183; Case v. Stovall, 50 Miss. 396; Grantham v. Hawley, Hob. 132; Thrash v. Bennett, 57 Ala. 156; Low v. Pew, 108 Mass. 347.

The sheriff not only had constructive but actual notice of the mortgage. Prior to the sale, he was told of the mortgage; it was unnecessary to do more. Appellee need not have attended the sale, nor was he required there to protest against the same.

The property was sufficiently described in the mortgage. The contract showed that it was to be taken to " No. 102 22d street," and there it was found and seized by appellant.

The judgment of the Circuit Court is affirmed.

Mr. Justice Gary, dissenting.

The instrument which Judge Waterman treats as within the statute concerning chattel mortgages, is evidence only of a conditional sale; void as to an execution creditor of the vendee. Van Duzor v. Allen, 90 Ill. 499.

To record it, without an acknowledgment, was an idle ceremony.

Unless it was such an instrument as the statute concerning chattel mortgages makes provision for being acknowledged, the acknowledgment was equally idle. The only instruments contemplated by the statute are such as transfer a right of property from the debtor to the creditor—if to secure the payment of money be the object, and such as retain a lien only for purchase money are not, either by general law or the statute, to be deemed chattel mortgages. There is a special objection to the acknowledgment here. It does not say "this mortgage," but " the mortgage."

Quite consistently with the language, the intention was to convey the information that there was a mortgage somewhere connected with the transaction.

I think the judgment should be reversed.