# The People, etc., for use, etc., v. W. S. Kirkpatrick et al.

1. CONDITIONAL SALES—*Justice not Liable for Failure to Docket Acknowledgment of.*—An instrument whereby title is to pass to a purchaser on condition of his paying for the property, although it be actually delivered to the purchaser, is a conditional sale and not a chattel mortgage, and a justice of the peace acknowledging such an instrument is not liable for a failure to enter a memorandum thereof on his docket, there being no request for him to do so.

Debt, on an official bond. Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1896. Affirmed. Opinion filed March 3, 1897.

H. CLAY and BENJAMIN W. POPE, attorneys for appellants.

F. M. YOUNGBLOOD and H. B. REED, attorneys for appellees.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was brought in the name of the people, by James

W. Tuffts, on the official bond of W. S. Kirkpatrick, as a justice of the peace, for an alleged failure on his part, as such justice, to enter on his docket, as required by the chattel mortgage law, the following instrument, whereby, it is alleged, said Tuffts lost the property therein described :

"Wykes & Co. to James W. Tuffts: Know all men by these presents, that Wykes & Co., of Tamaroa, in the State of Illinois, are justly and truly indebted unto James W. Tuffts, of the city of Boston, in the Commonwealth of Massachusetts, in the sum of four hundred thirty (430) dollars, as evidenced by twenty-five promissory notes, bearing date the twenty-eighth day of May A. D. 1894, maturing in amounts and times as follows :

"Twenty dollars per month from June 28, 1894, to Sept. 28, 1894, incl. Fifteen dollars per month from Oct. 28, 1894, to March 28, 1895, incl. Twenty dollars per month from April 28, 1895, to Sept. 28, 1895, incl. Fifteen dollars per month from Oct. 28, 1895, to May 28, 1896, incl. Twenty dollars June 28, 1896; with interest at six per cent from date; which said notes were given by us for certain soda water apparatus, conditionally purchased of the said James W. Tuffts, and now at our place of business in Tamaroa, and which is more particularly described as

"One 10 I. W. R. fancy Siberian Wachusett, No. 829; two 10-gal. steel founts; the condition of said purchase being that the title to the above mentioned property should not pass to us, but that until all said notes are paid the title to the aforesaid property should remain in the said James W. Tuffts, and we hereby authorize the said James W. Tuffts to appoint an agent for us for the renewal of record of this contract, if renewal should be required by law.

Witness our hand and seal this the eighteenth day of June, A. D. 1894.

WYKES & Co.,    [Seal.]
By GEORGE WYKES.

"STATE OF ILLINOIS, }
    Perry Co.    }

I, W. S. Kirkpatrick, a justice of the peace in the town of Tamaroa, in and for said county, do hereby certify

that this mortgage was duly acknowledged before me by the above named Wykes & Co., the mortgagors therein named, and entered by me this 18th day of June, A. D. 1894.

W. S. KIRKPATRICK, [Seal.]
Justice of the Peace."

The notes given also contained this provision:

"Nevertheless, it is understood and agreed by and between us and the said James W. Tuffts, that the title to the above mentioned property does not pass to us, and that until all said notes are paid the title to the aforesaid property shall remain in the said James W. Tuffts, who shall have the right, in case of non-payment at maturity of either of said notes, without process of law, to enter and retake, and may enter and retake, immediate possession of the said property, wherever it may be, and remove the same.

WYKES & Co."

The justice testified he did nothing with the instrument except to sign his name; that George Wykes, a party to the instrument, brought it to him; "he was in right smart of a hurry" and said, "I have an instrument here I want you to acknowledge. I didn't pay but little attention to it. I couldn't say what I was acknowledging for him. He said, "I will be in with it again soon." He took it away with him and did not bring it back. The evidence showed the property was levied upon by a constable on an execution against Wykes & Co. and sold. At the time of the levy the property was in the possession of an agent of Tuffts, the same having been surrendered by Wykes & Co. and delivered, but the execution was a lien before said delivery.

The court took the case from the jury by an instruction to find for the defendant, on the ground that the instrument was not a chattel mortgage, as claimed by appellant, and therefore the appellee, as justice of the peace, was not required to enter it on his docket. The correctness of that holding is challenged by this appeal.

The instrument recites an indebtedness of Wykes & Co. to James W. Tuffts of $430, as evidenced by twenty-five promissory notes, describing them, "given for certain

soda water apparatus, *conditionally purchased* of said James W. Tuffts, and now at our (Wykes & Co.) place of business in Tamaroa, * * * the condition of said purchase being that the *title* to the above mentioned property should not pass to us, but until all said notes are paid, the *title* to the aforesaid property should remain in the said James W. Tuffts." This instrument must be construed as to its legal effect between the parties, so far as this suit is concerned, without reference to its effect as to third persons.

The appellant contends it was a mortgage, while the appellee insists, 1, that he did all he was requested to do by the party who brought the instrument to him, and in this he is sustained by the evidence; 2, that the property had been surrendered and delivered to Tuffts' agent before the levy, in time to have shipped it away; 3, as understood, he claims that, as between the parties, the title did not pass, and therefore the instrument is not a chattel mortgage; 4, that it does not provide Wykes & Co., the alleged mortgagors, should for any definite time have or retain the possession of the property, as provided by the statute. As between the parties, the title did not pass from Tuffts to Wykes & Co., as it is so expressly provided by the instrument itself. Such a contract, as between the parties, is legal and enforceable. Benjamin on Sales, 3d Ed., Sec. 320, and note d. On page 291, under said note, the Illinois cases are cited. The leading case is that of Brundage v. Camp, 21 Ill. 330, which holds, citing with approval Furness v. Howe, 8 Wend. 256, that, as between the parties, the title does not pass, but where there has been delivery of possession, as to third persons, the title reserved is not protected. Such a contract is held to be a conditional sale, as between the parties, in Murch v. Wright, 46 Ill. 487. A vendor, under such a contract, may, for condition broken, replevy the property without tendering the money paid. Fairbanks v. Malloy, 16 Ill. App. 277. By taking possession before the intervening rights of third persons attach, the vendor " becomes possessed not only of the property, but the title." Lucas v. Campbell, 88 Ill. 450.

Now let us consider what are the essential elements of a mortgage. A mortgage is a *conditional sale* of chattels, and operates to *transfer* the *legal title* to the *mortgagee*, to be defeated only by a full performance of the condition. Jones on Chattel Mortgages, Sec. 1, p. 1. "A decisive test of a legal mortgage of personal property is the use of language which makes the instrument one of sale, conveying the *title* of the property of the *creditor* conditionally." Ibid, Sec. 8. "An instrument whereby title is to pass to a purchaser on condition of his paying for the property, although it be actually delivered to the purchaser, is a conditional sale, and not a mortgage," citing authority. Ibid, Sec. 9. "Thus, upon the sale and delivery of the property, the vendee gave to the vendor a writing acknowledging he had received the property in trust, the ownership being exclusively vested in the vendor, and stating that upon the payment of a certain sum, the ownership should then vest in the vendee. The language used was regarded as plainly indicating an intent that the sale and delivery should not divest the vendor's title until the vendee should perform the condition subsequent; and therefore the transaction was a conditional sale;" citing Plummer v. Shirley, 16 Ind. 380, which holds the instrument was not a mortgage.

It would be doing violence to the language used in this instrument repeatedly affirming that the title did not pass to the vendee, but remained in vendor, to hold that it did pass, and that *by the instrument* the *title* was *retransferred* from the vendee, Wykes & Co., to Tuffts. In Fleury & Co. v. Tuffts, 25 Ill. App. 101, the same defendant, as it is assumed, where same kind of property was sold, and note given, with reservation of title in vendor, it was held to be a *conditional sale*. That is understood to be the established doctrine of this State as to such instruments; and herein the courts of this State differ with the courts of Colorado, which hold such a contract does not create a conditional sale. It necessarily follows, from the authorities cited, that the instrument is not a mortgage, for the reason that no title was transferred from Wykes & Co. to Tuffts, the cred-

itor, which is, as held by the authorities, the decisive test of the character of such an instrument.

It is not necessary to dwell on the other points made by appellee. Suffice it to say, the appellee was not required by law to enter the instrument on his docket as a chattel mortgage, and, in the absence of a request, in no event could he be expected to know the parties so desired it to be entered. If the law did require him to enter it, then the fact that appellant did not have it shipped away before levy would not exonerate him, under the facts in this case, showing the execution was a lien before he received it.

The judgment is affirmed.