| 69 | 225 |
|----|-----|
| 85 | 454 |

</div>

## Otto L. Hallbeck and Oliver S. Stewart v. Alice C. Stewart.

1. CONDITIONAL SALES—*Rights of the Parties.*—A contract of sale which provides that the title to the property, and the ownership and right of possession thereof, shall not pass to the vendee until the purchase price is fully paid, and that the vendor may take possession of the property whenever he shall deem himself insecure, is a conditional sale, the title does not vest in the vendee until the conditions of the contract are fully complied with, and the vendor has the right, as between the parties, to take possession of the property in accordance with the terms of the contract.

2. SAME—*Widow of Vendee Claiming Award Not a Third Party.*—

The widow of the vendee, under a conditional contract of sale, attempting to collect an award, is not a third party to the contract within the meaning of the law, but stands in her husband's place and can not lay claim to property which was not his. If the husband at his death was not the owner of the property, his death will not give the widow a right to claim it on her award.

Trover.—Appeal from the Circuit Court of Wabash County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1896. Reversed and remanded. Opinion filed March 3, 1897.

MUNDY & ORGAN, attorneys for appellant.

LEEDS & RAMSEY, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

On December 13, 1894, appellant Hallbeck made a conditional sale to Edward F. Stewart of a mounted cyclone picket and lath mill for the consideration of $230 for which the purchaser gave three notes with appellant O. S. Stewart, as surety, for the principal sums of $100, $75 and $55, and payable respectively in sixty days, twelve months and fifteen months after date. Each of these notes provided that the title to the machine and the ownership and right of possession thereof should not pass until the note and interest thereon should be paid in full, and that the payee should have full power to declare the note due, before maturity, and to take possession of the machine whenever he should deem himself insecure, and to sell the same at public or private sale, applying the proceeds thereof to the payment of whatever of the purchase price might then remain unpaid.

This was a conditional sale, and the title to the property did not pass to the vendee until the conditions of the sale were fully complied with, and the vendor had the right, as between the parties, to take possession of the machine in accordance with the terms of the contract. Brundage v. Camp, 21 Ill. 330; Murch v. Wright, 46 Id. 487; Lucas v. Campbell, 88 Id. 447; Latham v. Sumner, 89 Id. 233; Fairbanks v. Malloy, 16 Bradw. 277.

Hallbeck v. Stewart.

Undoubtedly the law is otherwise as to *bona fide* creditors of, or purchasers from, the vendee, while the property is still in his possession, as is shown by the foregoing authorities, and by many others which might be cited.

The question in this case is, whether or not appellee is a third party to appellant Hallbeck within the meaning of the law.

Edward F. Stewart died on April 8, 1895. An administrator of his estate was duly appointed, and an inventory, which included this machine, was duly filed. Appellee, the widow, selected this machine, appraised at $125, as part of her award, and took possession of the same. There was not sufficient property to satisfy the widow's award. Appellants thereupon took possession of the machine, without the widow's consent, and sold the same at public sale for $50, and credited the proceeds on one of the notes. The first note was due when the maker died, and no payment was made on either of the notes either before or after the maker's death.

Appellee brought an action of trover against appellants for the conversion of the machine, and recovered a judgment against them for $100, which was about the value of the machine at the time of the alleged conversion thereof.

Authorities are cited by appellee's counsel to show that the widow may have the real estate of her deceased husband sold for the payment of her award. It is said, therefore, that appellee, being a creditor of the estate, is a third party and as such can hold the machine against her husband's vendor.

But it is held in Sumner v. McKee, 89 Ill. 127, that although a chattel mortgage becomes void as to third persons if the mortgagee does not take possession of the chattels upon the maturity of the note, yet the widow of a mortgagor is not a third person within the meaning of the law, and acquires no right to hold the chattels on her award because of the failure of the mortgagee to take possession of the property.

The principle thus announced controls the decision of the case at bar. The widow stands in her husband's place.

She can not lay claim to property which was not his. If the husband at his death was not the owner of the property his death does not confer title upon him. How then can the property be held by the widow as a part of her award, when her right to an award arises by reason of, and therefore after, her husband's death?

Some emphasis is placed on the fact that appellants did not take the machine until after appellee had selected and taken possession of the same as a part of her award. This fact could be material only on the question of estoppel, and the evidence in this case does not justify the application of the doctrine of estoppel against the appellants.

The judgment is reversed and the cause is remanded.