### James W. Tufts v. Nickolas Koumoungis et al.

CHATTEL MORTGAGES.—*Distinguished from Conditional Sales.*—An instrument whereby title is to pass to a purchaser on condition of his paying for the property and containing no provision that the possession of the property shall remain with the vendee is a conditional sale and not a chattel mortgage, although possession of the property be actually delivered to the purchaser.

**Replevin.** Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 17, 1898.

CHARLES WERNO and F. H. BRAMMER, attorneys for appellant.

JAMES A. BRADY, attorney for appellees.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellant brought replevin for a sodawater apparatus against appellees. A trial before the court, without a jury, resulted in finding appellees not guilty, the right of property in George Koumoungis, damages one cent, and that he was entitled to a *retorno habendo.*

Tufts v. Koumoungis.

Judgment was rendered on the finding. Whether the finding and judgment were correct, depends on the construction to be placed on an instrument in writing, viz.:

"Illinois:  Know all men by these presents:

"That I, Basil Argeson, of Chicago (Ashland avenue and Madison street), in the State of Illinois, am justly and truly indebted unto James W. Tufts, of the city of Boston, in the Commonwealth of Massachusetts, in the sum of seven hundred, sixty-five ($765) dollars, as evidenced by thirty-five promissory notes bearing date the second day of May, A. D. 1892, maturing in amounts and at times as follows:

· "Twenty-two dollars per month from June 15, 1892, to March 15, 1895, inclusive. Seventeen dollars April 15, 1895, with interest at six per cent from said date, which said notes were given by me for certain soda-water apparatus conditionally purchased of the said James W. Tufts, and now at my place of business at Chicago, and which is more particularly described as one 16–6 Rouge Royal and fancy Sib Hanover and special top, No. 827, *the condition of said purchase being that the title to the above mentioned property should not pass to me, but that until all said notes are paid, the title to the aforesaid property should remain in the said James W. Tufts,*and I hereby authorize the said James W. Tufts to appoint an agent for me for the renewal of record of this contract, if renewal should be required by law.

"Witness my hand and seal this —— day of ———, A. D., 189–."

"(Signed:)        B. Argeson. (Seal)
"Witness: Mathew Luch."

With the following indorsements on the back thereof:

"State of Illinois, ⎱ ss.
  County of Cook.  ⎰

"This mortgage was acknowledged before me by

B. Argeson and entered by me this 28th day of June, 1892.                                    "M. A. LaBuy,
                                            "Justice of the Peace.
"Witness my hand and seal:
        "M. A. LaBuy,
186 W. Madison St., Chicago,
    Justice of the Peace."
"State of Illinois, \} ss.    1,695,583.
    Cook County.  ⌡
    "Filed for record July 6, 1892, at 1:00 o'clock, P. M., and recorded in book 3597 of records, page 34.
                            "John Stephens, Recorder."
    This instrument was executed and delivered by Argeson to Tufts, as the result of a purchase by Argeson of the sodawater apparatus described therein from Tufts at the price and terms stated. The notes mentioned above were also given, and after fourteen notes had been paid, the firm of Koumoungis Brothers, composed of the appellants, Christ. and Nickolas Koumoungis, sued Argeson before a justice of the peace in assumpsit. Argeson confessed judgment for $200, on which execution issued, and levied on said apparatus by a constable, and a sale thereof was made under said execution to appellee, George Koumoungis for $200. After demand made, this suit was brought.
    It is conceded that if said instrument was a chattel mortgage, the judgment should be reversed, and if it only shows a conditional sale, then it should be affirmed.
    Revised Statutes, Ch. 95, Sec. 1, is, viz.: "That no mortgage, trust deed or other conveyance of personal property having the effect of a mortgage or lien upon such property, shall be valid as against the rights and interestate of any third person, unless possession thereof shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the

property to remain with the grantor, and the instrument is acknowledged and recorded as hereinafter directed; and every such instrument shall, for the purposes of this act, be deemed a chattel mortgage."

If the instrument in question is a chattel mortgage, then Tufts is the mortgagee or grantee. He did not retain possession of the property, but it was left at the place of business of Argeson. The writing does not provide for the possession of the property to remain with Argeson, as required by the statute. In the case of a lease, so-called, of a piano (which was placed in the purchaser's possession) providing that the piano should become the property of the purchaser on the payment of the purchase price in installments at the end of thirteen months, it was held a conditional sale, with a right of rescission on the part of the vendor in case the purchaser should fail to make the payments, and that while it was good as between the parties, it was wholly unavailing as against a creditor. Murch v. Wright, 46 Ill. 487.

In Lucas v. Campbell, 88 Ill. 447, a similar contract in regard to a sewing machine as in the case of the piano, which was delivered to the purchaser, was held to be a conditional sale.

Speaking of this statute and the validity of a chattel mortgage given for purchase money of personalty, as against the lien of an execution which was in the sheriff's hands when the property was sold, the mortgage not being recorded until the following day after the sale, the Supreme Court in Blatchford v. Boyden, 122 Ill. 668, say: "As against third persons, creditors or purchasers, a chattel mortgage lien can be preserved in only two ways; by the mortgagee retaining possession of the property, or by the recording of a properly executed and acknowledged chattel mortgage, *providing that the possession of the chattels shall remain with the*

*mortgagor."* See, also, Van Duzor v. Allen, 90 Ill. 499.

As between the parties, a contract almost identical with the one here in question, was held, in Fleury v. Tufts, 25 Ill. App. 101, to be a conditional sale.

In People v. Kirkpatrick, 69 Ill. App. 207, the Fourth District Appellate Court in a suit on the official bond of a justice of the peace for failure to enter on his docket, as required by the chattel mortgage law, an instrument in all respects like the one here involved, held that the instrument was not a chattel mortgage, but a conditional sale.

The case of Gilbert v. National Cash Register Co., 67 Ill. App. 606, does not present like facts to the case at bar. There the property was to be retained by the purchaser—the grantor. The question in this case is not whether, this instrument being recorded, was notice to creditors and third persons, but whether it complies with the statute as to chattel mortgages, because it fails to *provide for possession to remain with the grantor*, and also because the fact was, the *property was not delivered to and did not remain with the grantee*, as is absolutely required by the statute, in order that the instrument shall be valid as to third persons.

In view of the foregoing authorities and the language of the statute, it seems unnecessary to further extend this opinion in a discussion of the other cases cited by appellant. The finding and judgment of the Circuit Court are affirmed.