## Emerson Piano Co. v. Maund et al.

1.  CONSTRUCTION OF CONTRACTS—*When the Property is in the Vendor and Possession in the Vendee.*—When a vendor and vendee enter into an agreement by which the vendee is to pay for the property in specified installments, the possession of the property to be in vendee, but should remain the property of the vendor until such stipulated amounts should be paid, and with a provision that in case of default in making such payments, or an attempt by the vendee to dispose of or incumber the same, or if the vendor should feel insecure, etc., then the vendee should deliver back the property, and the vendor might retake the same, etc., is valid as between the parties, and enforceable except as against creditors of the vendee who acquire liens upon the same while in the vendee's possession.

2.  CHATTEL MORTGAGES—*Can Not be Shown by Parol.*—The existence of a chattel mortgage lien can not be shown by parol evidence.

**Replevin.**—Trial in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Verdict for defendant by direction of the court; appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed November 7, 1899.

JOHN C. TRAINOR, attorney for appellant.

SAMUELS & SELIGMAN, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellant brought suit in replevin, before a justice of the peace, to recover a piano from the appellees, and being defeated there, appealed to the Circuit Court with a like result.

The piano was taken, under the writ, from the possession of the appellee, Pauline L. Maund, by whom it was then held under a certain written agreement between herself and appellant, whereby Maund promised to pay to appellant four hundred and twenty-five dollars in specified installments, and wherein it was provided that the consideration for the payment of the specified amount was the agreement by appellant to sell and deliver to Maund the

particular piano, the use of which, it was stated in the contract, was temporarily let to Maund upon condition, among others, that the piano should remain the property of appellant until such stipulated amounts should be paid, and it was further provided that in case of default in making such payments, or an attempt by Maund to dispose of or incumber the piano, or if appellant should feel insecure, etc., then Maund would deliver back the piano, and appellant might retake the same, etc.

As between the parties to the writing, by whatsoever name it may be called, whether lease or otherwise, it was a good and valid contract, and enforceable, except as against creditors of Maund who should acquire a lien upon the piano while in her possession.    Murch v. Wright, 46 Ill. 487; People v. Kirkpatrick, 69 Ill. App. 207; Hallbeck v. Stewart, 69 Ill. App. 225.

Some pretense of a chattel mortgage lien given by Maund to the appellee Schlesinger & Mayer, was attempted to be shown.    The only evidence, however, that any such chattel mortgage existed, was the mere statement made by Maund to one or more of appellant's witnesses, that " Schlesinger & Mayer's men have been out here and taken a chattel mortgage on all of my things," and that " she didn't know till after she had given the mortgage that the piano was included in it."    The existence of a chattel mortgage lien must, if at all, be shown by better evidence than is thus afforded.

The case, therefore, may be considered by us upon, only, the respective rights of appellant and the appellee Maund.

It is argued that no demand is shown to have been made for the return of the piano before replevin was begun, and hence, that the peremptory instruction to the jury to find for the defendants was right.

The evidence of a demand consists in the testimony of two of appellant's witnesses, and in the admission made by appellee's counsel.    One of the witnesses, in response to the question (not objected to), " Did you ever make any demand upon Pauline Mound for this piano ? " answered, " Yes, sir."

That answer was followed by another question and answer, viz.:

" Q.   When was it, and state the circumstances.   A.   The latter part of July, 1897.   She called at our store in reference to a letter I wrote her, the way the payments had been going on.   Our conversation was, she said she·couldn't do any better, and I told her we would have to send for the piano, and she got very angry.   I demanded that piano and sent a wagon with a written order for it.   She did not deliver it.   She refused to deliver it.   They come back without the piano.   It is the same piano involved in this suit."

The other witness testified as follows:

" On the 26th I said if she didn't make the payments we would have to take the piano.   I requested her to return the piano.

Q.   You requested her to return the piano?   A.   I did.

Q.   You asked her to return the piano to the house, if she couldn't pay for it?   A.   I told her if she didn't make her payments we would have to take the piano away from her.   I didn't ask her to return the piano to the house."

Further than this, appellant's counsel, in arguing before the trial judge upon the question of demand, said: " No demand was made on Schlesinger & Mayer before this suit; demand was made on Pauline Maund."   The testimony we have quoted being uncontradicted, and the admission by appellant's counsel being made as stated, constituted sufficient evidence of a demand to require that the question be submitted to the jury.

Either upon the theory that no sufficient demand was shown, or for some other reason not disclosed by the record, the court instructed the jury peremptorily at the close of appellant's case, to find the issues for the defendants and the right of property in them, and upon the verdict, as returned, judgment was entered.

We think it was manifest error to take the case from the jury.

The point is made that the judgment must be reversed because the verdict and judgment are bad for uncertainty, in that the right to the possession of the property is found to be in the "defendant," there being more than one.

456      APPELLATE COURTS OF ILLINOIS.

We omit discussion of the question, it not being likely to arise upon another trial, and the judgment having to be reversed for the other reasons stated.    Reversed and remanded.