## Lyon & Healy, Appellant, v. Andrew J. Walldren, Appellee.

### Gen. No. 22,351.

1. REPLEVIN, § 164*—*what question presented on appeal from judgment awarding writ of retorno habendo.*  On appeal from a judgment in an action of replevin tried without a jury, which judgment finds for defendant and awards a writ of *retorno habendo* for the return of the property replevied, the only question presented for review is whether plaintiff made out a prima facie case on which a finding in its favor, if made, could have been sustained.

2. SALES, § 436*—*who bound by contract of conditional sale.*  A contract whereby the vendor sells an article on condition that payment be made in instalments, the article to become the property of vendee when fully paid for, until which time title is to remain in the vendor, is binding as between the parties and those having knowledge of the transaction.

3. REPLEVIN, § 123*—*when evidence insufficient to charge subsequent purchaser with knowledge of conditional sale.*  In an action of replevin to recover possession of a piano sold under an agreement of conditional sale, which piano had not been paid for, where it appeared that defendant bought the piano from one not the vendee of plaintiff, and who had the piano in his possession, evidence *held* insufficient to charge defendant with knowledge of the nature of the transaction between plaintiff and the vendee under the agreement of conditional sale.

4. SALES, § 436*—*what possession is prima facie evidence of.*  The possession of a chattel is prima facie evidence of its ownership by the possessor.

5. SALES, § 436*—*when subsequent purchaser takes free from claims of seller.*  One who buys a chattel from one in whose possession it is takes it free from rights and claims of which the purchaser has no knowledge.

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding.  Heard in this court at the March term, 1916.  Affirmed.  Opinion filed October 30, 1916.  Rehearing denied November 13, 1916.

CHARLES S. KNUDSON, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CLAUDE F. SMITH and OTTO WADEWITZ, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment in an action of replevin for a so-called "Sheraton piano" in favor of defendant and awarding a writ of *retorno habendo* for the return of the piano to defendant, from whom it was taken by plaintiff under the writ of replevin issued in the action.

The cause was submitted to the court for trial without a jury, who entered the judgment appealed from at the conclusion of plaintiff's case. In this condition of the record the only question presented for our decision is: Did plaintiff make out a prima facie case on which a finding in its favor, if made, could have been sustained? Plaintiff proved that the piano taken on the replevin writ had been sold by it to a Mrs. Martha Butterfield, who paid on account of the purchase price five dollars, and for the balance gave a conditional sale note payable in instalments, which provided that when the payments stated were all made the piano should be the property of Mrs. Butterfield, and until then the title to the piano should remain in plaintiff. As between the parties and those having knowledge of the terms of the transaction the contract was binding. The evidence, however, shows that defendant bought the piano from a third party named Kerber, but failed to charge defendant with knowledge, either actual or constructive, of the contract existing between plaintiff and Butterfield, or that Mrs. Butterfield ever claimed to own the piano. Nor are there any facts or circumstances appearing in the proofs which either in fact or in law would charge defendant with knowledge that plaintiff had sold the piano conditionally to Mrs. Butterfield or any one else. The possession of the piano by Kerber was prima facie

evidence of his ownership. Defendant, having bought the piano from Kerber without any knowledge of the rights or claims of plaintiff, took it free from any such claims. *Emerson Piano Co. v. Maund,* 85 Ill. App. 453; *W. W. Kimball Co. v. Cruikshank,* 123 Ill. App. 580.

A transaction similar to the instant case both on fact and legal principles was held in *Harkness v. Russell,* 118 U. S. 663, to bind a third party who had knowledge of the  terms of the conditional sale and of the rights of the seller thereunder. Many cases from the English and other courts are cited in the opinion in the *Russell* case, *supra,* which hold to the effect that the vendee in a conditional sale takes no title until the conditions of the sale are performed, and can consequently convey no title to a third party even though such third party have no knowledge of the condition attached to such vendee's possession. These cases are not only clear *obiter dicta,* as the question of the rights of an innocent purchaser was not involved in or necessary to the decision of the *Russell* case, *supra,* but such decisions are contrary to the trend of the rulings of our own courts and of the public policy which such rulings establish in this State.

The doctrine controlling conditional sales is clearly stated in *Gilbert v. National Cash Register Co.,* 176 Ill. 288, where the court say: "In Illinois 'if a person agrees to sell to another a chattel on condition that the price should be paid within a certain time, retaining the title in himself in the meantime, and delivers the chattel to the vendee so as to clothe him with an apparent ownership, a bona fide purchaser or execution creditor of the latter is entitled to protection as against the claim of the original vendor,' " citing cases, and continuing say: "Whatever may be the rule in other jurisdictions, it is well settled in this State that the owner of personal property will not be permitted to sell it, either absolutely or conditionally, and still

continue in possession of it.   The party in possession of personal property is presumed to be the owner of it, possession being one of the strongest evidences of title to personal property.   'To suffer, without notice to the world, the real ownership to be in one person and the ostensible ownership in another, gives a false credit to the latter and in this way works an injury to third persons.' ''   *Hacker v. B. Munroe & Son,* 176 Ill. 384.

The judgment of the Municipal Court being right, is affirmed.

*Affirmed.*