ANNIE J. CASSELL

v.

CHARLES FITZSIMMONS.

REMANDING ORDER FROM SUPREME COURT—FINDING OF FACTS—RECITAL OF FINDING.—Judgment was rendered in the Appellate Court, reversing and remanding the cause to the Circuit Court for a new trial.   From this judgment of the Appellate Court a writ of error was sued out from the Supreme Court, and judgment there entered remanding the cause to the Appellate Court for a finding of facts.   *Held,* That the statute requires a finding of facts by the Appellate Court only in cases where the judgment of that court is final, and has no application to a judgment reversing and remanding the cause for a new trial.

On remanding order from Supreme Court.   Opinion filed June 21, 1881.

McCULLOCH, J.—This case was before us on a former occasion, when we reversed the judgment of the circuit court and remanded the cause for further proceedings.   A writ of error having been sued out from the Supreme Court to review our judgment, the same was reversed, and the case now comes before us upon a remanding order from that court, whereby thi

court is directed, " that if it shall find the facts as found by the circuit court, to affirm the judgment of that court, but that if it finds the facts different from the facts as found by that court, to then render such judgment upon the facts thus found as the law shall require, and recite the same in its final judgment, as directed by the statute."

We have again carefully examined the record, and find no reason to depart from what we said on the former hearing respecting the correctness of the findings of the court below. Cassell v. Fitzsimmons, 6 Bradwell, 525. We did not then consider the case as one calling upon us to make a final determination thereof upon a finding of facts, and therefore simply reversed the judgment of the court below, and remanded the cause for further proceedings.

Where the judgment of the court below is founded upon the verdict of a jury or the finding of the court upon issues at law, wherein no special finding of facts is required to be spread upon the record, it would be very difficult, if not quite impossible for this court to ascertain what facts were found by the court below, and, consequently, quite as difficult for this court to say that its findings of facts were different from those of the court below. In such cases we are not disposed to even seem to invade the province of the trial court.

We do not understand the order of the Supreme Court as a peremptory one to proceed to a finding of the facts, and being clearly of the opinion that the circuit court did not find in accordance with the decided preponderance of the evidence, we avail ourselves of the discretion left open to us by the directions of the Supreme Court, and reverse the judgment of the circuit court, and remand the cause for a new trial.

Reversed and remanded.

Separate opinion by HIGBEE, P. J.—I concur in reversing and remanding this cause.

I do not understand the order of the Supreme Court as re-requiring this court to find the facts in the case in its present condition. That order directs this court, in case it finds the facts different from the facts as found by the court below, to

render such judgment upon the facts thus found as the law shall require, and recite the same in its final judgment, as directed by the statute.

The law, in the opinion of this court, requires the judgment of the trial court to be reversed and the cause to be remanded for a new trial. The statute only requires this court to find the facts when the judgment is final, and when an appeal or writ of error may be prosecuted from it.

The facts found in such cases must be preserved in the judgment for the use of the Supreme Court, but when the case is remanded for a new trial the law does not require such finding.

The mandate of the Supreme Court was based upon the supposition that the judgment of this court would be a final determination of the rights of the parties, such a judgment as could be reviewed in that court, and has no application to a judgment reversing and remanding the cause for a new trial.

Judgment reversed and cause remanded.