## Charles E. Cruikshank v. W. W. Kimball Company.

1. JUSTICES OF THE PEACE—*Jurisdiction of, in Replevin Suits.*— Where the value of the property in controversy in a replevin suit commenced before a justice of the peace is more than $200, the justice has no jurisdiction further than to order a return of the property, and none is acquired by the Circuit Court on appeal.

Replevin, commenced before a justice of the peace.    Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1897.    Reversed and remanded.    Opinion filed April 8, 1898.

FRED H. ATWOOD and FRANK B. PEASE, attorneys for appellant.

WILBER, ELDRIDGE & ALDEN, attorneys for appellee.

## STATEMENT.

The inception of this cause was a replevin suit brought by appellee against appellant before a justice of the peace, to recover a piano. The piano was taken from appellant by a constable by virtue of a writ of replevin, and delivered to appellee. Jury trial in the justice of the peace court and verdict in favor of appellee. Defendant below appealed to the Circuit Court, where the cause was again tried by a jury, resulting in a verdict finding right of property in appellee.

March 28, 1895, one Lois Champlain purchased of appellee the piano in question for the agreed price or sum of $225. She signed and gave to appellee her promissory note of that date for said sum of $225 payable in installments, with interest at the rate of six per cent per annum until paid. Embodied in and made a part of said note are certain conditions, in which it is provided among other things that said piano was and should remain the property of appellee until all such installments and the interest thereon were fully paid, and that in case of default in the payment of all or any one of said installments, or the interest thereon, that appellee should have the right to take immediate possession of said piano. The piano was delivered to Mrs. Champlain by appellee March 30, 1895.

April 13, 1895, Mrs. Champlain gave to Fred H. Atwood, to secure the payment of her note for the sum of $260, a chattel mortgage conveying said piano with other personal property. The piano remained in the possession of Mrs. Champlain about four months, when possession thereof was taken by Atwood under his chattel mortgage, and he placed it in the care and possession of appellant. Appellant has no interest in the piano except to care for and safely keep it for Mr. Atwood. November 8, 1895, said piano was taken from appellant by virtue of the writ of replevin issued in this case, and was on the same day delivered to appellee by the constable who executed said writ of replevin.

Said promissory note, called in appellee's brief " a conditional sale contract," was offered in evidence upon the

trial of said cause, and no further or other testimony was offered as to the value of said piano.

MR. JUSTICE HORTON, AFTER MAKING THE ABOVE STATEMENT, DELIVERED THE OPINION OF THE COURT.

In the view we take of this case, it is unnecessary to state the facts further than we have given them.

If the property recovered upon the replevin writ, the title to which was the question tried and decided in the justice court, was of the value of more than $200, then the justice of the peace had no jurisdiction further than to order a return of the property. If the justice of the peace had no jurisdiction, then none was acquired by the Circuit Court by appeal.

The only testimony as to the value of the piano in question, is that fixed by the contract of sale, viz., $225. That being the value of the piano the justice had no jurisdiction to try the question of the right of property. Where the value of the property in question is more than $200 the only jurisdiction of a justice of the peace in this State is to order a return of the property to the defendant. Starr & Curtis Stat., Ch. 119, Sec. 28.

Attorneys for appellee contend that this may be cured by remitting any excess in value over the sum of $200. That can not be done here and could not have been done in the Circuit Court or justice court. It is a jurisdictional fact. The question thus presented being one of jurisdiction, we feel compelled to regard it, whatever other questions may appear in the record. It may be that upon another trial, if one be had, the testimony may establish it as a fact that this piano was not of the value of more than $200 at the time of the issuing of the replevin writ.

For the reason indicated the judgment of the Circuit Court is reversed and the cause remanded.