## W. W. Kimball Co. v. Charles E. Cruikshank.

1. APPELLATE COURT PRACTICE—*Findings of Fact.*—When a finding of facts by this court is necessary or is authorized by the statute, the finding must appear in the record and the opinion of the court can not be referred to for the purpose of ascertaining what, if any, facts the court found.

2. CONSTRUCTION OF STATUTES—*Application of Section 88 of the Practice Act.*—Section 88 of the practice act, which requires the recital of facts in the record, when the result is a final order of reversal, wholly or in part, of a finding of facts different from the finding of the trial court, has no application to a judgment of reversal and remandment.

3. PRACTICE—*On Reversal and Remandment.*—On the reversal and remandment of a cause, and when it is restored to the docket of the trial court, the parties have the right to trial, and to produce evidence additional to that produced on the former trial.

4. BILLS OF EXCEPTION—*When They Must and When They Need Not Contain all the Evidence.*—When the error relied upon is that the verdict or finding is contrary to the evidence, it must appear that all the evidence has been preserved by the bill of exceptions; but when there is no assignment of such error, and the question is as to the rejection of evidence tending to prove the issue. it is not necessary for the bill of exceptions to contain all the evidence.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.   Heard in this court at the October term, 1899.   Reversed and remanded.   Opinion filed June 12, 1900.

ALDEN, LATHAM & YOUNG, attorneys for appellant.

FRED H. ATWOOD and FRANK B. PEASE, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee and against appellant, in an action of replevin for a piano. The suit was originally tried before a justice of the peace, from whose judgment appellee appealed to the Circuit Court.   In the latter court the cause, by agreement of the parties, was submitted to the court for trial, a jury being waived.   The cause has been before this court before on

appeal by the present appellee, and the court, Mr. Justice Horton delivering the opinion, reversed the judgment and remanded the cause. Cruikshank v. W. W. Kimball Co., 75 Ill. App. 231.

The ground of reversal appears in the following excerpt from the opinion :

" The only testimony as to the value of the piano in question, is that fixed by the contract of sale, viz., $225. That being the value of the piano, the justice had no jurisdiction to try the question of the right of property. Where the value of the property in question is more than $200, the only jurisdiction of a justice of the peace in this State is to order a return of the property to the defendant. Starr & Curtis Stat., Ch. 119, Sec. 28."

The opinion concludes as follows :

" It may be that upon another trial, if one be had, the testimony may establish it as a fact, that this piano was not of the value of more than $200 at the time of the issuing of the replevin writ. For the reason indicated, the judgment of the Circuit Court is reversed and the cause remanded."

On the trial in which the judgment from which this appeal was taken was rendered, appellant, the plaintiff in the suit, offered to prove that on the day on which the suit was commenced before the justice, appellant was and thereafter has continued to be, the owner of the piano replevied, and then was and thereafter continued to be entitled to its possession; and that prior to the commencement of the suit, demand was made by the appellant on appellee for possession of the piano, and that the value of the piano, on the day the suit was commenced, was less than $200.

Counsel for appellee made no objection to these offers, but the court of its own motion dismissed the suit.

It does not appear from the record for what reason the court refused to admit the offered evidence, or why the court dismissed the suit. Appellant's counsel say in their argument :

" When the cause was again reached for trial after remandment, the trial judge held that the court had found, as a fact, that the value of the piano in controversy, at the

time this suit was commenced in the justice's court, was more than $200; that therefore the justice of the peace was without jurisdiction, and that as the justice was without jurisdiction, the Circuit Court was also. The court, there-fore, dismissed the suit," etc.

This statement seems to be corroborated by the statement of appellee's counsel, who say in their argument:

"The court found that it had no jurisdiction of the sub-ject-matter and ordered that the suit be dismissed."

The offered evidence was clearly competent, and it is a reasonable inference that the court dismissed the suit for the reason stated by counsel.

This court did not, on the former appeal, find as a fact, that the value of the piano exceeded $200, nor did the court on said appeal, find any fact. It is true that the court in its former opinion says, in substance, that the only evidence as to value was that the piano was worth $225, but when a finding of facts by this court is necessary, or is authorized by the statute, the finding must appear in the record, and the opinion of the court can not be referred to for the pur-pose of ascertaining what, if any, facts the court found. Coalfield Co. v. Peck, 98 Ill. 139.

Moreover, section 88 of the practice act, which requires the recital of facts in the record when a final order of reversal is the result, wholly or in part, of a finding of facts different from the findings of the trial court, has no appli-cation to a judgment of reversal and remandment. Cassell v. Fitzsimmons, 9 Ill. App. 78.

On the reversal and remandment of the cause on the former appeal, and when the cause was restored to the docket of the trial court, appellant had the right to a trial, and to produce evidence additional to that produced on the former trial. Cable v. Ellis, 120 Ill. 136, 139; Perry v. Burton, 126 Ib. 599; West v. Douglas, 145 Ib. 164; Palmer v. Woods, 149 Ib. 146; Rush v. Rush, 170 Ib. 623; A. & G. R. R. Co. v. Harvey, 178 Ib. 477.

If this were not true, the general remandment of a cause, without specific directions, would be a useless act.

That it was the opinion of this court on the former

appeal, that the cause might be retried in the trial court, and that on the retrial appellant might produce evidence of the value of the piano, is apparent from the concluding part of the opinion quoted *supra*.

Appellee's counsel objects that it is not stated in the bill of exceptions that the rejected evidence was all the evidence. When the error relied on is that the verdict or finding is contrary to the evidence, then, to avail of such assignment of error, it must appear that all the evidence has been preserved by the bill of exceptions; but when there is no such assignment, but the question is as to the rejection of evidence tending to prove the issue, it is not necessary for the bill of exceptions to contain all the evidence. Nason v. Letz, 73 Ill. 371; Schmidt v. Ry. Co., 83 Ib. 405, 412.

In the present case we think it apparent from the record that no evidence was introduced by either party. If any evidence had been introduced, there would have been, in the regular course of procedure, a finding of the issues by the court. The record shows no such finding.

The judgment will be reversed and the cause remanded for further proceedings in conformity with this opinion. Reversed and remanded.