## W. W. Kimball Company v. Charles E. Cruikshank.

### Gen. No. 12,045.

1. PEREMPTORY INSTRUCTION—*what motion for, admits.*   A motion
for a peremptory instruction admits the truth of all evidence introduced
in the plaintiff's behalf and all the inferences which may be properly
drawn therefrom.

2. PEREMPTORY INSTRUCTION—*when motion for, should be denied.*
A motion for a peremptory instruction should be denied if reasonable

minds, acting within the limitations prescribed by the rules of law, might reach different conclusions from the evidence submitted.

3. Conditional sale—*as to whom, valid.* A conditional sale is valid as between the parties and all except *bona fide* purchasers without notice and actual creditors attaching or levying in good faith.

Action of replevin. Appeal from the Circuit Court of Cook County; the Hon. Charles M. Walker, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed December 8, 1905. Rehearing denied December 22, 1905.

Alden, Latham and Young, for appellant.

Fred H. Atwood, Frank B. Pease, William S. Corbin and Charles O. Loucks, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This cause—an action in replevin—is here for the third time, and the opinions upon the former hearings may be found reported in 75 Ill. App. 231 (wherein is a brief statement of facts), and in 90 Ill. App. 3. Upon the trial now before us for review, at the conclusion of the plaintiff's evidence the attorney for appellee moved "the court to strike out all the evidence on the part of the plaintiff and give the jury the following instruction: 'You are instructed to find the issues for the defendant and the right of possession in the defendant and the right to the property in me.'" The motion was granted. It had appeared that the appellee of record has no interest in the property in controversy, holding it for Fred H. Atwood, one of appellee's attorneys, who made said motion to instruct.

The material question is whether the Circuit Court erred in taking the cause from the jury and directing a verdict. Such an instruction against the party upon whom rests the burden of proof is in the nature of a demurrer to the evidence. The maker of such motion to instruct in the defendant's favor admits the truth of all evidence introduced in the plaintiff's behalf and all inferences which may be properly drawn from it. The motion raises no question as to the weight of the evidence or credibility of witnesses. In effect by the instruction complained of the Circuit Court

held that there was no evidence before the jury at the con-
clusion of the plaintiff's evidence on which the jury could,
in the eye of the law, reasonably find in his favor. If, how-
ever, reasonable minds acting within the limitations pre-
scribed by the rules of law might reach different conclusions,
the evidence should have been submitted to the jury. · Offutt
v. Columbian Exposition, 175 Ill. 472–473, *et seq.*; Rack v.
Chicago City Ry. Co., 173 Ill. 289–291.

To maintain its claim to be entitled to recover, appellant
introduced evidence tending to show that the piano in
controversy was delivered by appellant to one Lois Cham-
plain under a conditional contract of sale, by the terms
of which the title to the piano was to remain in appellant
until paid for, and that only $17 has been paid on the
purchase price. About twelve days after the delivery of
the piano under the contract, the purchaser executed a
mortgage to Fred H. Atwood, which included the piano,
and purported to secure a note to him for $260. This
sum, it is said, was made up of $60 due Atwood from said
Champlain for rent of a flat leased by Atwood to her
and the balance was for payment in advance of rent for the
same premises from May 1, 1895, to January 1, 1896.
There is evidence that the relations between Atwood and
his family and Mrs. Champlain were close and friendly,
and that at the time the chattel mortgage was given, Mrs.
Champlain, who was a dressmaker, had been sued by two
sewing girls who had been in her employ, and that the
mortgage was given to protect the mortgaged property
from levy under executions in their favor. The piano was
taken possession of by Atwood under the mortgage about
three months after its execution. It appears also that the
mortgage included not only the piano, but all of Mrs.
Champlain's personal property, including her entire ward-
robe. Interrogatories intended to show that Atwood
signed a note with Mrs. Champlain given after a levy
made by a constable in settlement of the small judgments
against her recovered by the sewing girls referred to, that
he had advised her to make out a new mortgage to him to

W. W. Kimball Co. v. Cruikshank.

cover the piano in place of a former mortgage which did not include it, that the other property described in the chattel mortgage was not taken or was returned to Mrs. Champlain, and that she told Atwood the piano was not paid for, were objected to, and the objections were sustained. Appellant contends that in this the court erred, that the conditional contract of sale under which the piano was delivered to Mrs. Champlain was good as between the parties themselves and against all except *bona fide* purchasers without notice and actual creditors attaching or levying in good faith; and that the transfer to Atwood was not a *bona fide* transaction. We are of opinion that appellant is right in the contention that the interrogatories referred to were erroneously overruled, and there is, we think, evidence tending to sustain appellant's case which the latter was entitled under the law applicable to have submitted to the jury. In so holding we are not to be understood as intending to intimate or suggest any opinion whatever as to the force or effect of such evidence. Those are matters for the consideration of the jury upon a new trial uninfluenced by anything but such evidence as may then be submitted and the instructions of the court based thereon.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*